### DABNEY v. BECKWITH et al. (No. 1651.)

Court of Civil Appeals of Texas. Beaumont.
Feb. 16, 1928.

Landlord and tenant ⚙⟾188(1)—Lessee held not liable for office rent under contract, where lessor had not erected partition or installed lights and fan, as agreed.

Lessee of half of an office *held* not liable for rent under contract, where evidence showed that lessor had not erected partition to divide the office or installed lights and fan, as agreed.

Error from Harris County Court; Ben F. Wilson, Judge.

Suit by Elsie Beckwith against J. F. Dabney, wherein Dabney impleaded the First National Bank of Houston. Judgment for plaintiff and the bank, and defendant brings error. Reversed and remanded in part, and affirmed in part.

J. F. Dabney and Walker Johnston, both of Houston, for plaintiff in error.

Dailey & Plummer and Boyles, Brown & Scott, all of Houston, for defendants in error.

WALKER, J. This suit was instituted by Elsie Beckwith against J. F. Dabney for office rent for 8 months on an alleged contract price of $20 per month, and to foreclose a landlord's lien upon the personal property of Dabney. Dabney impleaded the First National Bank of Houston, asking for judgment against it for any sum that Mrs. Beckwith might recover against him. In justice court she recovered judgment for the full amount sued for. In county court she recovered judgment for 7 months' rent at $20 per month and foreclosure of lien. Judgment was in favor of the bank. The judgment in favor of Mrs. Beckwith is not supported by the evidence. Viewing the evidence strongest in her favor, she rented half of her office space to Dabney on an agreement to divide the office by partition and to have installed lights and fan for his use. The lights and fan were never installed, and the partition was not put in until June after he went in on February 1st. The undisputed evidence was that he did not get what he contracted for, and what he did get was not worth what he contracted to pay. Therefore a judgment in her favor for the contract price is without support. It also should be said that there is no basis in the record to render judgment except on the theory stated. Therefore the judgment in favor of Mrs. Beckwith against appellant for 7 months' rent at $20 per month is reversed as being without support in the evidence, and the cause as between them remanded for a new trial. The judgment in favor of the bank is affirmed. Appellant had no cause of action against the bank. He pleaded that the bank agreed to install the partition, and, as that was not done, asked for judgment on the theory that the bank was liable to him for any sum that Mrs. Beckwith might recover. The judgment relieving the bank of liability on this theory is supported by the evidence.

Reversed and remanded in part, and in part affirmed.

---

⚙⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes