**Dr. Frank E. VANDIVER, Individually and in his Official Capacity as President of Texas A & M University, Appellant,**

v.

**STAR–TELEGRAM, INC., Appellee.**

No. 3–87–256–CV.

Court of Appeals of Texas, Austin.

Aug. 10, 1988.

---

Ted J. Hajovsky, Jr., General Counsel, College Station, for appellant.

Thomas J. Williams, Fort Worth, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellee Star Telegram, Inc. filed a petition for writ of mandamus in the district court of Travis County complaining of Frank E. Vandiver, both individually and in his capacity as president of Texas A & M University, for failure to supply it certain requested records. Tex. Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Supp.1988). By its suit, the newspaper sought an order requiring Vandiver to furnish records and information maintained by Texas A & M concerning the recruitment of a high school athlete, Kevin Murray. Both

parties filed motions for summary judgment. After hearing, the district court granted the newspaper's motion for summary judgment and denied that of Vandiver. By its summary judgment, the district court issued the writ of mandamus ordering Vandiver to provide the records sought by the newspaper.

In December 1986, the newspaper served a letter request upon Vandiver for personal access to:

any and all records, documents, correspondence, memoranda, reports, conclusions, findings, and any other information collected, assembled, or maintained by Texas A & M University relating in any way to the recruitment of Kevin Murray to attend Texas A & M University and/or relating to any involvement by Kevin Murray in matters which may have been alleged to have violated the rules of The Southwest Athletic Conference and/or The National Collegiate Athletic Association, including but not limited to correspondence between representatives of Texas A & M University and The Southwest Athletic Conference and/or The National Collegiate Athletic Association. In addition, and also pursuant to such Act, we hereby request personal access to any and all records, documents, correspondence, memoranda, reports, conclusions, findings, and any other information collected, assembled, or maintained by Texas A & M University relating in any way to Rodney Lee Dockery in matters which may have been alleged to have violated the rules of The Southwest Athletic Conference and/or The National Collegiate Athletic Association, including but not limited to correspondence between representatives of Texas A & M University and The Southwest Athletic Conference and/or The National Collegiate Athletic Association concerning Mr. Dockery.

Vandiver neither granted the newspaper's letter-request nor sought an opinion from the Attorney General respecting his obligation *vel non* to make available the information; instead, Vandiver wrote the newspaper a letter declining to furnish the information.

The newspaper pleaded, among other things, that because Vandiver failed to request an opinion from the Attorney General concerning the records in question, such records were presumed public pursuant to Texas Open Records Act, Tex.Rev.Civ.Stat. Ann. art. 6252–17a § 7(a) (Supp.1988). As basis for its motion for summary judgment, the newspaper asserted the same ground.

Pursuant to the Open Records Act, all information collected, assembled, or maintained by an agency is public information. § 3(a). Nevertheless, the Act contains twenty-one exceptions to the rule that all such information is public.

In opposition to the motion for summary judgment, Vandiver asserted that the requested information was not public because it was properly classified under two of the exceptions to the Texas Open Records Act. Vandiver contended that the information:

(1) was deemed confidential by law. [§ 3(a)(1)]; and

(2) was concerned with student records at a state funded educational institution and that Kevin Murray had not consented to the disclosure of the information. [§ 3(a)(14) and § 14(e)].

After hearing, the district court rendered summary judgment for the newspaper.

Vandiver complains by point of error two that the district court erred in rendering summary judgment upon the basis that the information sought was presumed public pursuant to § 7(a) of the Open Records Act.

Section 7(a) provides:

If a governmental body receives a written request for information which it considers within one of the exceptions stated in Section 3 of this Act, but there has been no previous determination that it falls within one of the exceptions, the governmental body within a reasonable time, no later than ten days, after receiving a written request must request a decision from the attorney general to determine whether the information is within that exception. If a decision is

not so requested, the information shall be presumed to be public information.

After an agency receives a request for information, it must first ascertain whether there has been a determination by the Attorney General or by a court that the requested information is not public. If there has been no such determination and if the agency declines to ask for an Attorney General's opinion concerning its availability, then by operation of § 7(a) the requested information is presumed public. In such manner, § 7(a) prompts the agency to seek advice of the State's legal officer in lieu of making its own determination that the information sought is, or is not, public. The effect of operation of the § 7(a) presumption is to fix the burden of producing evidence upon the agency to show that the desired information is not public.

■ The newspaper, as movant for summary judgment, had the burden of establishing that there existed no material fact issue and that it was entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). The newspaper's summary judgment proof established that, pursuant to § 7(a), it served upon Vandiver a written request for information and that he refused to make the information available to the newspaper. Vandiver did not advance any authority by the Attorney General or by a court for his refusal to turn over the information and he did not request an Attorney General's opinion as to whether the information sought was, or was not, public. Such summary judgment proof established that the information requested was presumed public pursuant to § 7(a) and that, absent a showing by Vandiver, the newspaper was entitled to summary judgment.

If Vandiver wished to avoid the granting of summary judgment for the newspaper, it was his burden to marshal summary judgment evidence in support of his claim that the requested information came within one of the exceptions to the Open Records Act. We now examine the exceptions asserted in Vandiver's response to the motion for summary judgment and the summary judgment proof claimed to support those exceptions.

■ Vandiver claims that the sought-after information was deemed confidential by law. § 3(a)(1). In support of his position, Vandiver relies upon *Industrial Foundation of the South v. Texas Industrial Accident Board*, 540 S.W.2d 668, 678 (Tex. 1976). In *Industrial Foundation*, the Supreme Court held that information exempted from disclosure by § 3(a)(1) was that character of information (1) which contains highly intimate or embarrassing facts which, if publicized, would be highly objectionable to a reasonable person and (2) is not of legitimate concern to the public.

The records sought in *Industrial Foundation* were claims injured workers filed with the Industrial Accident Board for workers' compensation benefits. The sensitive information that the Supreme Court detailed as being exempt from disclosure involved claims by victims of sexual assaults, victims of mental or physical abuse in the workplace, illegitimate children, psychiatric patients, persons who attempted suicide, or persons suffering injuries to sexual organs.

In contrast, the records sought by the newspaper in this appeal concerned the recruitment of Kevin Murray to attend Texas A & M University, any involvement by Murray in matters which may have violated conference rules and the involvement of Rodney Lee Dockery in such matters. The character of intimate and embarrassing information involved in *Industrial Foundation* may, of course, be distinguished from the material sought in this appeal. *See Hubert v. Harte-Hanks Texas Newspapers, Inc.*, 652 S.W.2d 546 (Tex.App.1983, writ ref'd n.r.e.). Moreover, the public is legitimately concerned with recruiting tactics by its universities and colleges. *Id.* Accordingly, this Court has concluded that the requested information is not protected from disclosure by § 3(a)(1).

■ Vandiver also contends that the requested information is not public because it pertains to student records at a state and federally supported educational institution. § 3(a)(14), § 14(e). Section 3(a)(14) pro-

vides that student records at educational institutions funded wholly, or in part, by state revenue are not public unless disclosed with the consent of the student involved.

Section 14(e) provides

Nothing in this Act shall be construed to require the release of information contained in education records of any educational agency or institution except in conformity with the provisions of the Family Educational Rights and Privacy Act of 1974 ...

The Family Educational Rights and Privacy Act,[1] in turn, provides in pertinent part that no federal funds are to be made available to an educational institution which has a policy or practice of releasing education records of students without the written consent of the students' parents. We understand that a college or university must satisfy federal officials that it does not have a policy or practice of releasing student records before it is entitled to federal funds.

Vandiver's proof in resistance to the newspaper's motion for summary judgment is that Kevin Murray was at one time a student at Texas A & M and that Texas A & M receives some federal funding. Vandiver's proof does not address the status of Rodney Lee Dockery nor does it address whether or not Kevin Murray or his parents consented to making the requested information available to the newspaper.

Vandiver's summary judgment proof does not bring the requested information within § 3(a)(14) or § 14(e) concerning either Murray or Dockery. By operation of § 7(a), it is presumed that the requested information was public—in this instance, that Murray or his parents *did* consent to making the information available. To defeat operation of the presumption, it was necessary that Vandiver present summary judgment proof that Murray or his parents *did not* consent to making the information available. This Vandiver failed to do.

■ Because Vandiver failed to show that Dockery was a student, neither § 3(a)(14) or § 14(e) was available to bar the newspaper from obtaining the information concerning Dockery's activities.

■ Vandiver complains further that the district court erred in rendering summary judgment for the newspaper because the disclosure of the requested information "significantly and unduly interferes with the 'policing' role of the NCAA [National Collegiate Athletic Association]." The complaint is without merit. Assuming arguendo that such disclosure would, indeed, interfere with the NCAA's enforcement procedures, such does not constitute an exception from disclosure under § 3(a) of the Open Records Act.

■ Finally, Vandiver complains that the terms of the writ, as set out in the judgment, are too broad. We need not countenance the complaint because Vandiver failed to preserve the claimed error for appellate review in that he did not point out to the district court any claimed deficiency in the form of the judgment. *Emerson v. Fires Out, Inc.,* 735 S.W.2d 492 (Tex.App. 1987, no writ); Tex.R.App.P.Ann. § 52(a) (Supp.1988). Principles of sound judicial administration support application of the waiver rule in this appeal. There was no claimed error present until the judgment was prepared and presented to the district court. At that time, Vandiver could have moved to modify or change the terms of the judgment. It serves no good purpose to permit an appellant to lie in wait and present this claimed error in form for the first time on appeal. *Emerson v. Fires Out, Inc., supra.*

The judgment is affirmed.

GAMMAGE, J., not participating.

---

1. 20 U.S.C. § 1232g.