Herschel HANCOCK, Appellant,

v.

The STATE BOARD OF INSURANCE, Appellee.

No. 3–89–252–CV.

Court of Appeals of Texas, Austin.

Oct. 10, 1990.

Karen Key Johnson, DeLeon, Boggins & Richards, Austin, for appellant.

Jim Mattox, Atty. Gen. Anna E. (Lisa) Gonzales, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

Appellant Herschel Hancock filed a petition for writ of mandamus in the district court of Travis County complaining of the State Board of Insurance (the Board) for failing to produce certain records he had requested under the Texas Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Supp.1990) (the Act).[1] Hancock sought an order requiring the Board to furnish information its unauthorized insurance division had amassed concerning Hancock's activities in the insurance business. After a non-jury trial, the court found that the Board had not made a compelling demonstration that the requested information should be withheld from public disclosure; nonetheless, the court held that disclosure should not be ordered, because the Board had shown that the information fell within a statutory exception. The trial court therefore denied Hancock's petition for writ of mandamus. Hancock perfected this appeal. We will reverse the trial court's judgment and order disclosure.

The Act establishes a general duty on the part of governmental bodies to disclose to the public all information in their possession or control, with certain exceptions enumerated in section 3. Subsection (a)(3) of section 3 contains an exception for "information relating to litigation ... to which

the state or political subdivision is, or may be, a party...." The Act also contains several provisions governing procedures for requesting an examination of public records and for determining the agency's response to a request. For example, when a governmental body receives a request for information under the Act, it must follow specified procedures if it believes the requested information falls within one of the statutory exceptions to the general duty to disclose government-held information. Section 7(a) of the Act reads as follows:

> If a governmental body receives a written request for information which it considers within one of the exceptions stated in Section 3 of this Act, but there has been no previous determination that it falls within one of the exceptions, the governmental body within a reasonable time, *no later than ten calendar days, after receiving a written request must request a decision from the attorney general to determine whether the information is within that exception.  If a decision is not so requested, the information shall be presumed to be public information.*

§ 7(a). Once requested information is presumed to be public information because of the governmental body's failure to make a timely request for the opinion of the Attorney General, the requesting party may seek a writ of mandamus to compel release of the information. § 8(a).

On April 24, 1989, Hancock applied to the Insurance Commissioner for access to and inspection of any information relating to Hancock and his companies. The Board does not challenge the adequacy of Hancock's application. On the eleventh day after the application was hand delivered, the Commissioner's office requested an open records decision from the Attorney General.

The issues Hancock raises on appeal are: whether a "compelling demonstration" is necessary to overcome the statutory presumption of openness; whether the Board produced sufficient evidence to show that the requested information fell into one of

---

1.  Unless otherwise stated, all statutory references herein are to the Act.

the statutory exceptions; whether the Board's late request for an Attorney General's opinion waived any statutory exception it might have been able to claim; and whether the trial court erred in failing to file findings of fact and conclusions of law.

The initial question for this Court is the degree of proof necessary to overcome the presumption of openness. The Board does not dispute that its request was untimely, thereby giving rise to the presumption of openness. The Board argues, however, that its burden is only to produce evidence that the information falls within the protection of a statutory exception to the Act, relying on this Court's holding in *Vandiver v. Star–Telegram, Inc.,* 756 S.W.2d 103 (Tex.App.1988, no writ).

Hancock, on the other hand, argues that the Board's burden was greater than such a minimal showing. In support of his position, Hancock directs our attention to a line of Open Records Decisions by the Attorney General. These decisions state that a governmental body trying to prevent disclosure of information must, in order to overcome the section 7(a) presumption of openness, make a compelling demonstration that the requested information should not be made public. We agree.

The purpose of the Act is to ensure that the people of Texas have full and complete information regarding governmental matters and the acts of their representatives. § 1. To that end, the provisions of the Act are to be liberally construed in favor of the disclosure of government-held information. §§ 1, 14(d). We begin with this statutorily mandated preference for disclosure of requested information.

■■■ Attorney General opinions are to be considered by courts in construing statutes, especially in cases involving the Open Records Act. *Heard v. Houston Post Co.,* 684 S.W.2d 210, 212 (Tex.App.1984, writ ref'd n.r.e.). Although such opinions are not binding on this Court, they are persuasive and entitled to due consideration. *City of Houston v. Houston Chronicle Publishing Co.,* 673 S.W.2d 316, 322 (Tex. App.1984, no writ).

■■■ Since the first Open Records Decision dealing with the effect of the openness presumption was issued in 1974, the Attorney General's office has interpreted the Act to mean that once the presumption has arisen, it can be overcome only by a compelling demonstration that the requested information should not be made public. Tex. Att'y Gen. ORD–26 (1974); ORD–71 (1975); ORD–150 (1977); ORD–319 (1982); ORD–515 (1988). The legislature, too, has expressly recognized the importance of having public information produced in a timely fashion. *See* § 4 (requiring prompt production of information upon request) and § 13 (permitting rule-making which would facilitate inspection of records without delay). The Attorney General interprets the presumption as legislative incentive to agencies and other governmental bodies to comply with the duty to produce information promptly. Should the agency fail to comply within the 10–day period, the presumption arises, increasing the agency's burden to show why the information should not be released. Tex. Att'y Gen. ORD–515 (1988). This reasoning is sound and furthers public policy. We conclude, therefore, that an agency or other governmental body may not overcome the section 7(a) presumption of openness and prevent disclosure of requested information absent a compelling demonstration of reasons why the information should not be made public.

The Board directs our attention to the following language in *Vandiver* which it argues precludes this holding: "The effect of operation of the § 7(a) presumption is to fix the burden of producing evidence upon the agency to show that the desired information is not public." *Vandiver,* 756 S.W.2d at 106. The Board argues that statement means that a mere showing of the applicability of one of the statutory exceptions is sufficient to overcome the presumption. However, the procedural posture of *Vandiver* when it came before this Court distinguishes it from the present case.

Frank E. Vandiver, president of Texas A & M University, had refused to release to the Star Telegram certain requested recruitment records. Before refusing the re-

quest, he had neither ascertained whether a court or the Attorney General had determined the requested information fell within one of the statutory exceptions nor sought an opinion from the Attorney General on the matter. When the newspaper brought suit to compel the release of the information, Vandiver nonetheless claimed that the information was private on the basis of two statutory exceptions. The newspaper moved for and obtained a summary judgment granting its petition for writ of mandamus. Vandiver appealed, and it was in that procedural posture that the case came before this Court.

In a summary judgment proceeding, the movant has the burden to show conclusively that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex. R.Civ.P. 166a(c). Even if the movant produces enough evidence to establish conclusively his right to judgment, the non-movant may still prevent summary judgment by producing enough evidence to raise an issue of material fact. *Westland Oil Development Corp.*, 637 S.W.2d 903, 906 (Tex.1982); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex.App.1987, writ ref'd n.r.e.). Once the movant has carried his summary judgment burden, the non-movant is put to his *summary judgment* burden, not his trial burden, in order to defeat the movant's motion for summary judgment. The non-movant's failure to carry his *trial* burden when he has succeeded in raising an issue of material fact is not grounds for granting summary judgment. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 87 (1954); *Cloys v. Turbin*, 608 S.W.2d 697, 700 (Tex. Civ.App.1980, no writ).

Because Vandiver neither complied with the request nor sought a decision from the Attorney General, the effect of section 7(a) was to make the requested information presumptively public. The newspaper, having made a showing of the facts giving rise to the presumption, had thereby carried its summary judgment burden. In the absence of any other evidence, the newspaper was entitled to judgment as a matter of law. The burden was thereby shifted to Vandiver, in order to avoid summary judgment, to raise an issue of material fact. He was not required to make a compelling demonstration at that point. Instead, as this Court stated, "If Vandiver wished to avoid the granting of summary judgment for the newspaper, it was his burden to marshal summary judgment evidence in support of his claim that the requested information came within one of the exceptions to the Open Records Act." *Vandiver*, 756 S.W.2d at 106. However, Vandiver failed to produce *any* evidence of at least one element of each of the two exceptions he claimed. Therefore, no fact issue was raised as to the existence of either exception. Because he did not produce evidence sufficient to raise a fact issue, the trial court's issuance of a writ of mandamus to compel him to make public the requested information was proper. We had no occasion in *Vandiver*, however, to discuss the "compelling demonstration" burden, because that was not the burden that Vandiver, as the non-movant, bore at the summary judgment stage of the proceedings.

The present case, of course, went beyond the summary judgment stage. Therefore, the burden was on the Board to make a compelling demonstration that the information requested by Hancock should not be made public. Because the trial court found that the Board failed to make such a showing (a finding that is not challenged by cross-point), the petition for writ of mandamus should have been granted. Point of error one is sustained.

Having sustained Hancock's first point of error, we need not address the remaining points.

We reverse the trial court's judgment denying Hancock's petition for writ of mandamus, and we order the Board to make available to Hancock the requested information.