CITY OF SAN ANTONIO, Appellant,

v.

TEXAS ATTORNEY GENERAL, The Hearst Corporation, and Juli Branson, Appellees.

No. 3-91-461-CV.

Court of Appeals of Texas, Austin.

April 7, 1993.

Rehearing Overruled May 12, 1993.

Don W. King, Jr., Asst. City Atty., San Antonio, for appellant.

Dan Morales, Atty. Gen. by Jennifer S. Riggs, Asst. Atty. Gen., and Juanita C. Hernandez, Austin, for appellees.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

POWERS, Justice.

In a declaratory-judgment action, the Attorney General of Texas and two intervenors, the Hearst Corporation and its employee Juli Branson, recovered summary judgment against the City of San Antonio. *See* Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1986 & Supp.1992). The judgment declares and enforces a trial-court decision that certain information kept by the City police department is subject to compelled disclosure under the Texas Open Records Act. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–17a (West Supp.1992) (the "Act"). The City appeals, contending the trial court misconstrued a statute that exempted the information from compelled disclosure under the Act. Concluding the information is not subject to compelled disclosure under the Act, we will reverse the trial-court

judgment and remand the cause to the trial court.

## THE CONTROVERSY

The information in dispute is found in four items that may be included in a police officer's personnel file maintained by the City police department for its use. The four items are: (1) any complaint of misconduct made against the officer; (2) the officer's response to the complaint; (3) the department's final resolution of the complaint; and (4) a copy of the department letter advising the complainant of any disciplinary action taken against the officer. In those cases in which the department takes disciplinary action, it transfers the foregoing documents to the director of the City civil-service commission. The director may and does release the information under the terms of the Act. In those cases in which the department does not take disciplinary action, however, the department retains the foregoing documents in its custody and declines to disclose them in response to requests made under the Act.

The City contends the practice of not disclosing the items, when no disciplinary action is taken against an officer, comes within section 3(a)(1) of the Act, which excepts from compelled disclosure any documents "deemed confidential" by statute.[1] The central issue on appeal is whether, as the City claims, the disputed documents are "deemed confidential" by Tex.Loc.Gov't Code Ann. § 143.089 (West Supp.1992). If so, then the documents come within section 3(a)(1) of the Act, and they are not subject to the compelled discovery ordered by the trial court. We shall therefore examine the terms of section 143.089 of the Code.

## THE STATUTE

The City civil-service commission exercises various powers over personnel practices within the City fire and police departments. The powers pertain to such things as physical and other examinations, appointments, certifications, and promotions. See, e.g.,

Tex.Loc.Gov't Code Ann. §§ 143.021, .022, .025 (West 1988 & Supp.1992). The legislature assigned these various powers to city civil-service commissions in order to achieve efficient fire and police departments. See Tex.Loc.Gov't Code Ann. §§ 143.001, .003 (West 1988).

### Civil–Service Commission Files

■ Among the powers of the civil-service commission is that of custodian of police personnel files for general purposes, which includes compliance with the Act. The power and duty are assigned in and regulated by subsections (a)–(f) of section 143.089. These subsections of section 143.089 are mandatory in their terms. They provide that the director of the commission *must* maintain a personnel file for *each* police officer and fire fighter. Moreover, the file must contain certain specified items: (1) commendatory items; (2) documents relating to any misconduct *in those cases where the fire or police department took disciplinary action against the individual;* and (3) supervisors' periodic evaluations of individual police officers and fire fighters. § 143.089(a)(1–3). When an item (2) document enters an individual's personnel file, the director must notify the police officer or fire fighter within thirty days; and he or she may respond to the document within fifteen days. § 143.089(d). *The document must be removed from the individual's file if the commission finds the disciplinary action was taken without just cause or the charge of misconduct was not supported by sufficient evidence.* § 143.089(c). The contents of an individual's personnel file may not be disclosed without the individual's written consent "unless the release of the information is required by law"—an evident reference to the disclosure requirements of the Act. § 143.089(f). As stated above, it is the director's practice to release *from the personnel files he or she maintains* any information required to be disclosed under the Act.

**1.** Under the Act, "information deemed confidential by law, either Constitutional, statutory, or by judicial decision" is exempted from disclosure. Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 3(a)(1) (West Supp.1992).

Subsections (a)–(f) of section 143.089 are important for present purposes because (1) they mandate the keeping of a personnel file on each police officer or fire fighter; (2) they designate the director of the civil-service commission as the officer authorized to make disclosure decisions, under the Act, regarding those files; (3) they declare a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers and fire fighters, except with an individual's written consent; and (4) they establish an adjudicatory process to effectuate that policy decision. These provisions illumine and buttress the legislative intent reflected in the plain words of subsection (g) of section 143.089.

### Departmental Files

Unlike the mandatory terms of subsections (a)–(f), pertaining to the set of personnel files maintained by the director of the civil-service commission, the terms of subsection (g) are permissive. Subsection (g) *authorizes* but does not require City fire and police departments to maintain for their use *a separate and independent personnel file* on *a* police officer or fire fighter. The remaining sentences of subsection (g) regulate the keeping of these files. To accommodate and preserve the legislative policy decision mentioned above, the director's exclusive power to make disclosure decisions under the Act, and the adjudicatory process established for making such decisions, subsection (g) declares: (1) "the department *may not release* any information contained in the *department* file to any agency or person requesting information relating to a fire fighter or police officer"; instead (2) "[t]he department shall refer to the director [of the civil-service commission] or the director's designee a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file." (emphasis added).

All parts of section 143.089 are quite obviously designed to work in harmony with each other and in harmony with the disclosure provisions of the Act under the general legislative policy that allegations of misconduct made against a police officer shall not be subject to compelled disclosure under the Act unless they have been substantiated and resulted in disciplinary action.

### DISCUSSION AND HOLDINGS

The basic facts are undisputed. The police department declined to disclose the material in the personnel files it maintains and referred the intervenors to the director of the City civil-service commission. This gave rise to the present lawsuit.

■ The basic question of law is, of course, the proper construction of subsection (g) of section 143.089. Does subsection (g) "deem confidential" the contents of personnel files authorized by and maintained under subsection (g)? If so, the contents come within subsection ˙3(a)(1) of the Act and are not subject to compelled disclosure.

We conclude the plain, simple, and unambiguous terms of subsection (g) permit only one reasonable construction—the legislature intended to deem confidential the information maintained by the City police department for its own use under subsection (g). There appears to be no other reasonable explanation for the explicit prohibition and directive that regulates such files: "the department *may not release*" information kept in such a file; and "[t]he department shall *refer to the director*" any person requesting information contained in such a file. § 143.089(g) (emphasis added). No party suggests in what respect this language is ambiguous; on its face it is not ambiguous. Our construction comports with the ordinary meaning of the words employed, and no contrary legislative intent is suggested in any part of subsection (g). *See Massachusetts v. United N. & S.D. Co.,* 168 S.W.2d 226, 229 (Tex.1943). We hold accordingly.

We shall discuss serially the various arguments raised by appellees in support of their contrary contention that the disputed documents are subject to compelled disclosure under the Act.

The appellees argue the people have a legitimate interest in knowing how a public officer performs his duties, particularly when these duties involve law enforcement, and it is essential for public accountability that the disputed information be subject to compelled disclosure under the Act. The legitimacy of the public interest is not in doubt. The elected representatives of the people have, however, chosen to effectuate that public interest through the particular provisions of section 143.089. In our form of constitutional government, the wisdom of the legislative choice is not subject to judicial review and revision,[2] and we cannot see that the choice is unconstitutional in any respect. It is sufficient that the legislature decided that compelled disclosure of the disputed information is *not* essential.

▮▮▮ The appellees argue the City waived any right it had to rely on the terms of section 143.089 because the City did not urge that contention when it requested an opinion of the attorney general regarding whether the disputed information was exempt from compelled disclosure by section 3(a)(1) of the Act.[3] We believe the appellees' argument results from a mistaken understanding of section 7 of the Act. A request for an opinion, addressed to the attorney general under section 7, does not give rise to a species of litigation culminating in a decision by that officer that binds parties in their legal and equitable interests. Section 7 gives no such power to the attorney general. It makes no provision for such things as pleadings and orders; certainly it makes no provision for waiver or estoppel. In administering section 7, the attorney general administers no part of the

State's common law and his or her opinions are not enforceable in any manner except through suit in the courts of the state, as indicated in section 8.[4] Seeking an attorney general's opinion is *not* a prerequisite to mandamus relief under the Act—resort to that officer is merely permissive if the public entity wishes that officer's opinion. *Texas Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 411 (Tex.App.—Austin 1992, no writ). The attorney general's opinions under section 7, like the other opinions given by that officer, are purely ministerial and advisory. *See generally*, James G. Dickson, Jr., *Vital Crucible of the Law: Politics and Procedures of the Advisory Opinion Function of the Texas Attorney General*, 9 Hous.L.Rev. 495, 517–523 (1972).

▮▮▮ While a proceeding under section 7 must be basically fair and the governmental body requesting an opinion must submit "written comments" if it believes it is entitled to withhold information, these requirements are designed to enable the attorney general to perform his or her duty under section 7—to arrive at and furnish governmental bodies with the soundest possible advisory opinions as to the applicability of the compelled-disclosure provisions of the Act.[5] The doctrines of waiver and estoppel have no place in the proceeding. If the attorney general's opinions resulted from the application of such equitable doctrines they would not be a guide for others in complying with the Act; and, by their precluding a careful consideration of the substantive law, the opinions would lose quickly the respectful consideration they are

---

2. "The wisdom of courts—however impeccably conceived—may not be, even in our system of blended law and equity, substituted for the plainly expressed intention of the Legislature." *In re Dulin's Estate*, 244 S.W.2d 242, 244 (Tex. Civ.App.—Galveston 1951, no writ).

3. In a proceeding authorized by section 7 of the Act, the attorney general determined the disputed information *was* subject to compelled disclosure under the Act. *See* Tex.Att'y Gen. ORD–354 (1989).

4. Section 8(a) provides: "If a governmental body refuses ... to supply ... information

which the attorney general has determined to be a public record, the person requesting the information or the attorney general may seek a writ of mandamus compelling the governmental body to make the information available for public inspection."

5. Section 7(b) of the Act states that the attorney general's opinion shall be "consistent with standards of due process" and that a governmental agency wishing to withhold information "must submit written comments setting forth the reasons why the information should be withheld."

presently entitled to receive from the courts of the state.

The appellees argue that exempting the disputed information from compelled disclosure might result in the concealment of police-department misdeeds and corruption. Such concealment is possible, of course, but the argument impermissibly assumes bad faith on the part of those who administer section 143.089 and those who supervise them—public officers placed in office directly or indirectly through free elections. Much of what we have said above in this opinion applies equally to this argument. We are bound to assume the legislature considered and rejected the possibility raised by appellees. We might add that the same possibility extends to every exception enumerated in the Act, and the appellees' logic leads ultimately to the result that *none* of the stated exceptions to compelled disclosure may be enforced because they might conceal corruption or misdeeds. We will not pervert in this manner the plain and unambiguous words of the legislature.

The appellees contend the disputed information is subject to compelled disclosure because the disputed records are presently within the physical control of the department's internal-affairs unit. We reject the argument. Under section 143.089 the department is authorized to maintain the personnel files of subsection (g) "for its use." There is no suggestion in the statute that such "use" may not include use or physical control by a subsidiary element of the department.

In support of their claim for an opposite interpretation of section 143.089, the appellees point to statements made by a few legislators in the course of proceedings by which that statute was enacted. The appellees have not, however, suggested that we should resort to these statements because section 143.089 is, in some particular, ambiguous on its face. In any case, we have examined these statements along with other statements made to the contrary during legislative hearings.[6] We do not see how legislative intent can be accurately ascertained and fixed in such circumstances, even if we refer to this kind of "legislative history." The truest guide to legislative intent is, of course, the plain, simple, and unambiguous language of section 143.089, which in subsection (g) deems confidential the disputed information. If the legislature did not intend as much, it chose the poorest possible language to express that intention and the best possible language to express the contrary intention. Ultimately, however, the language of section 143.089 is unambiguous, and we must and do adhere to it.[7]

■ The City initiated the present cause by filing its own suit for declaratory judgment that the disputed information was not subject to compelled disclosure under the Act. The appellees filed their respective actions as counterclaims against the City. The trial court dismissed the City's action for declaratory judgment but preserved its right to defend against the counterclaims upon which summary judgment was eventually awarded. The City did not appeal from the order dismissing its action and, from this, the appellees argue they "were entitled to summary judgment as a matter of law" on their own actions. We are not sure we understand the appellees' argument in this connection. They did in fact recover summary judgment on their ac-

---

6. *Compare Hearings on Tex. H.B. 1368 Before the Senate Intergovernmental Relations Comm.,* 70th Leg., R.S. (May 26, 1987) (testimony of Ron DeLord, president of Combined Law Enforcement Associations of Texas (CLEAT)) ("[The bill] does not stop the Police Department from having 50 files if they wish, but there should be one file that is the official file ... for use at civil service hearings or for public information.") *with Hearing on H.B. 1368 Before the House Urban Affairs Comm.,* 70th Leg.R.S. (Apr. 6, 1987) (testimony of Rep. Orlando Garcia) ("[T]his bill neither decreases or expands whatever present law says about an open record in the file.").

7. This Court is responsible for "giving a true and fair interpretation of the enactment *as it is written,* which means an interpretation that is not exaggerated, forced, or strained but one the ordinary meaning of the words of the enactment will fairly sanction and clearly sustain." *Comm'rs Court v. Criminal Dist. Attorney,* 690 S.W.2d 932, 936 (Tex.App.—Austin 1985, writ ref'd n.r.e.) (emphasis added).

tions. Apparently they contend we should affirm their judgment because it is merely the opposite of what the City claimed by its own action to shield the disputed records from compelled disclosure, an action in which the City's right of appeal was lost. We reject the argument. The order dismissing the City's action expressly limited its effect to the City's "affirmative claims," leaving unaffected its right to defend against the actions brought against it and its right to appeal from any resulting judgment should that be necessary.

The appellees contend we must sustain the judgment because the City failed to show that the police officers, whose personnel files were requested by the intervenors, did *not* consent to their disclosure. The appellees base this argument upon section 143.089(f) of the Local Government Code, which forbids the director of the City civil-service commission from releasing "any information contained in a ... police officer's personnel file without first obtaining the person's written permission." The files maintained by the director are, however, not part of the present dispute. The dispute pertains only to the personnel files maintained by the City police department for its use. As discussed at length above, these files are maintained under subsection (g) of section 143.089 and the statute expressly forbids their release to anyone under any circumstances. Instead, the statute directs the police department to refer requests to the director of the civil-service commission for a decision regarding release of the personnel files kept by him or her.

For the reasons given, we overrule each of the appellees' arguments.

## ATTORNEY'S FEES

The attorney general and the intervenors have taken a cross appeal from the trial-court judgment insofar as it rejected their claim for attorney's fees under various statutes: the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (West 1986) (a court may award such "reasonable and necessary attorneys' fees as are equitable and just"); The Texas

Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 8(b) (West Supp.1992) (a court may assess "reasonable attorney's fees incurred by a [party] who substantially prevails"); and The Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17, § 3 (West Supp.1992) (a court may assess "reasonable attorney's fees incurred by a [party] who substantially prevails"). The record does not reveal the reasoning upon which the trial court declined to award attorney's fees in the cause.

We need not decide the appellees' cross appeal. It is sufficient that we must reverse the summary judgment on the ground raised in the City's appeal.

## THE DISSENTING OPINION

The dissent implies, we believe, three objections to our conclusions: (1) the City's pleading deficiencies preclude its appellate complaint against the adverse summary judgment; (2) the City failed to carry its "burden of proof"; and (3) we are simply wrong in the meaning we have assigned to section 143.089 of the Local Government Code.

There are no pleading deficiencies: The attorney general and intervenor explicitly urged in their pleadings and motions for summary judgment that section 143.089 of the Local Government Code and section 3(a)(1) of the Act did *not* shield the requested information from disclosure; the trial court held, in rendering summary judgment, that such was the meaning and effect of the two statutes. The City's opponents having thus *anticipated* the City's reliance on the two statutes, the City had no duty *also* to place them in issue. *See Insurance Co. of N. Am. v. Cash*, 475 S.W.2d 912, 913 (Tex.1971). In all events, the City's supposed deficiency in failing to plead the two statutes was waived and the matter tried by consent for want of a prejudgment objection. *See Roark v. Stallworth Oil & Gas*, 813 S.W.2d 492, 495 (Tex.1991).

Concerning the contention that the City failed to carry its "burden of proof," we should emphasize that the facts of the controversy are undisputed. By the motions

for summary judgment, the controversy was made to rest on a *question of law:* Do the provisions of section 143.089 of the Local Government Code and section 3(a)(1) of the Act shield the requested information from disclosure? The statutes either have that legal effect or they do not. Each litigant bore an equal burden—to convince the trial court as to his version of the correct interpretation of the two statutes. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989).

Concerning the dissent's quarrel with our interpretation of the two statutes, we are content with what we said above. We should add, however, what the dissent omits to include in its summary of Tex. Att'y Gen. ORD–562 (1990). After stating section 143.089 does not diminish the public's right to obtain access to public personnel information but merely provides a procedural method for obtaining public information, the opinion goes on to add that information held in personnel files under section 143.089(g), as in the case now before us, *is* exempt from disclosure under section 3(a)(1) of the Act to the extent it is reasonably related to the individual's employment.

**CONCLUSION**

In the absence of a trial-court decision on opposing motions for summary judgment, we may not render judgment on appeal even though we reverse the summary judgment obtained by the attorney general and the intervenors. *See CRA, Inc. v. Bullock,* 615 S.W.2d 175, 176 (Tex.1981). We therefore reverse the trial-court judgment and remand the cause to that court for proceedings not inconsistent with our opinion.

ABOUSSIE, Justice, dissenting.

I respectfully dissent.

This is an action arising out of a request made under the Open Records Act ("the Act").[1] Section 3(a) of the Act declares that all information collected, assembled, or maintained by a government body is public information and available to the public unless expressly exempt from the Act by one of its twenty-three exceptions. Section 1 of the Act commands that the provisions of the Act are to be liberally construed in favor of disclosure.

Pursuant to the Act, the San Antonio Light, a newspaper owned by the Hearst Corporation, requested certain documents from the San Antonio Police Department (SAPD). SAPD refused the request on the basis that the information was protected from disclosure under two express exceptions contained in the Act, section 3(a)(3) (information involving government litigation) and section 3(a)(8) (law enforcement criminal investigation and internal records). SAPD asked the Attorney General (AG) for a legal opinion on whether these two exceptions protected disclosure of the requested documents, as required by the Act. *See* § 7(a). The AG rendered his opinion that the documents were not shielded under either provision and that the SAPD must disclose and deliver the documents. Tex. Att'y Gen. ORD–354 (1989).

The City of San Antonio, on behalf of its police department, SAPD, then filed suit against the AG, seeking a judicial declaration that the AG's opinion was erroneous because the documents are protected under both sections 3(a)(3) and 3(a)(8) of the Act. The AG counterclaimed and the Hearst Corporation and its employee Juli Branson intervened, each seeking injunctive relief, a writ of mandamus against the City to compel disclosure, and a declaration that the opinion was correct. Thereafter, all parties filed motions for summary judgment.

The City's action, however, had been initiated by the city attorney without obtaining proper authority from the city council and upon motion the trial court dismissed with prejudice all of the City's claims for affirmative relief. The City does not complain of this dismissal on appeal. Once the City's offensive pleadings were dismissed, its challenge to the AG's opinion was abandoned, and on appeal the City does not rely

1. All further references in the text to the Act are to Tex.Rev.Civ.Stat.Ann. art. 6252–17a (West Supp.1993).

upon either section 3(a)(3) or section 3(a)(8) of the Act as authority for its refusal to produce the requested documents.

Instead, the City argues on appeal that the documents requested are exempt from disclosure under section 3(a)(1) of the Open Records Act. Although the City referred to this argument in a trial brief, it did not allege this contention in its pleadings below. Under this exception, information "deemed confidential by law" is exempt from disclosure.

After dismissal of the City's claims for affirmative relief, only its defensive pleadings remained. In its defense, the City had alleged that the documents were precluded from compelled disclosure by section 143.-089 of the Local Government Code,[2] a section entitled "Personnel File." Section 143.089(a) of the Code provides that in those eligible municipalities where the voters have adopted the civil service system, the director of civil service is charged with maintaining an official personnel file for each police officer. The Code addresses what must be contained therein and sets out procedures for including and removing information relating to misconduct charges. In addition to the director's file, a police department also "may maintain a personnel file on [an officer] ... but the department may not release any information contained in the department file." § 143.089(g). Instead, the department must refer requests for information to the director, who may not release information without the officer's consent unless the law (presumably including the Open Records Act) so requires. § 143.089(f), (g).

Even after the City's affirmative pleadings had been dismissed, it did not plead section 3(a)(1) or any other section of the Act in defense of the appellees' action, and it did not file a response asserting section 143.089 of the Code or section 3(a)(1) of the Act in defense of appellees' motions for summary judgment. In fact, the City filed no response to either motion. Its own unsworn motion alleged merely that it was

entitled to judgment because "it is clear from the [unspecified] statutes that neither the intervenor nor the public is entitled to materials" from SAPD's internal affairs files. The City filed only a brief in support of its motion, attaching to it two short affidavits concerning the requested documents. I believe the City's failure to plead in response to the appellees' motions for summary judgment is fatal to its appeal.

After reviewing the requested documents, the trial court determined that they were not confidential and were subject to disclosure. The trial court granted the motions of the Hearst Corporation and the AG. In the absence of a response, the City's only complaint on appeal can be that the motion is insufficient to support summary judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979); *Fisher v. Capp,* 597 S.W.2d 393, 397 (Tex.Civ. App.—Amarillo 1980, writ ref'd n.r.e.).

Under the Act, information is presumed public. If a governmental entity believes that an express exception shields the information from the public, it may seek the AG's opinion on the matter pursuant to section 7(a) of the Act. The City had requested the AG's opinion only as to the applicability of sections 3(a)(3) and 3(a)(8). It never sought an opinion on whether the information was deemed confidential under section 3(a)(1) of the Act as a result of the provisions of section 143.089 of the Code. If a governmental entity does not request an AG opinion, the information requested is presumed to be public under the Act and interpretive caselaw. § 7(a); *Vandiver v. Star–Telegram, Inc.,* 756 S.W.2d 103, 106 (Tex.App.—Austin 1988, no writ); *City of Houston v. Houston Chronicle Publishing Co.,* 673 S.W.2d 316, 324 (Tex.App.—Houston [1st Dist.] 1984, no writ). The effect of the operation of section 7(a) is to fix the burden of producing evidence upon the government to show that information is not public. *Vandiver,* 756 S.W.2d at 106. Here, the City did not request an opinion

---

**2.** All further references in the text to the Code are from Tex.Loc.Gov't Code Ann. (West Supp. 1993).

based upon section 3(a)(1), and the law presumes the records to be open.

The summary judgment proof established that SAPD has an internal affairs unit; the purpose of the unit is to investigate alleged misconduct of police officers; the unit maintains a file on each police officer for SAPD's use in investigating any charges; these files are separate from the personnel files maintained by the director of civil service; some but not all of the information collected by the unit may be forwarded to the director if it is required to be included in the officer's personnel file; and the unit forwards some actual documents to the director and in some instances forwards summaries of its investigation results.

The summary judgment record further shows that the Light served the City with a request for specific information SAPD claims is contained in its internal affairs files; the City refused the request; in refusing, the City did not rely upon any AG opinion or court authority supporting the refusal; the City requested the AG's opinion as to the applicability of sections 3(a)(3) and 3(a)(8) of the Act; the AG rendered his opinion that these two sections did not shield the requested information from disclosure; in refusing, the City did not contend that the information was contained in personnel files or that the information was exempt from disclosure based upon section 3(a)(1) of the Act or section 143.089 of the Code; the City did not rely upon any AG or court authority determining such a fact; and the City did not request an AG opinion on whether section 3(a)(1) of the Act or section 143.089 of the Code rendered the documents confidential and thereby precluded their production.

As movants on summary judgment, the Hearst Corporation and the AG had the burden of establishing that no material fact issue existed and that they were entitled to judgment as a matter of law. Tex.R.Civ.P. 166a; *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Vandiver,* 756 S.W.2d at 106. All parties agree there are no facts in dispute. The summary judgment record established that the information requested was contained in SAPD's internal affairs files, that the information was presumed to be public pursuant to section 7(a) of the Act and that, therefore, appellees were entitled to summary judgment.

Once the movants showed that they were being denied public information collected and maintained by a governmental body, in order to avoid summary judgment, the City had the burden to demonstrate that the documents came within an express exception to the Act and were not subject to compelled disclosure. In order to rebut the presumption, the City had the burden to present to the trial court by written response to the motions any reasons that would defeat the movants' right to judgment and to marshal summary judgment proof in support of its claim that the information came within an exception to the Act. Issues not expressly presented to the trial court by written response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c); *Clear Creek,* 589 S.W.2d at 678–79. The City, however, never filed a response to the appellees' motions for summary judgment and never alleged an exception in the Act rendering the information confidential. Instead, the City apparently relied upon its affirmative defense pleading wherein it asserted that production was barred by section 143.089 of the Code. However, merely pleading an affirmative defense will not stop the granting of a summary judgment. *Nicholson v. Memorial Hosp. Sys.,* 722 S.W.2d 746, 749 (Tex.App.1986).

I would hold that the City failed to demonstrate that the documents were prohibited from disclosure under section 3(a)(1) of the Act and section 143.089 of the Code. Absent such a showing by the City, movants were entitled to judgment, and the City cannot argue on appeal that granting of this judgment was erroneous.

Further, section 143.089 of the Code pertains only to personnel files. Under the City's position, section 143.089 could render the information confidential only if the requested records are contained in personnel files. The City describes the files in issue as "internal affairs files" maintained by

SAPD's internal affairs division for its use in investigating alleged misconduct of officers. The City makes no showing that these investigation files are personnel files within the meaning of section 143.089. They are not the personnel records the City is required to maintain under section 143.-089(a). The City does not rely upon the Act's personnel file exception, section 3(a)(2), or upon any common law privacy protection. The City's position is based upon the assumptions that any information it obtains about an officer that is not required to be placed in the director's personnel file is confidential, and that the files into which the information is placed constitute personnel files. The City's argument merely assumes without proof that internal affairs investigation files necessarily must be personnel files within the meaning of section 143.089 of the Code and therefore the contents must be confidential. The fact that the requested information is not contained in the director's files, however, does not result in the conclusion that it is contained in personnel files. When faced with similar facts, another court of appeals summarily dismissed the argument that such files were personnel files. *Morales v. Ellen*, 840 S.W.2d 519, 524 (Tex.App.—El Paso 1992, writ denied) (interpreting Act's section 3(a)(2) personnel file exception).

Finally, the requested information is exempt from disclosure and deemed to be confidential by law only if the statute is read in a manner that prohibits disclosure of information in the internal affairs files under any circumstances. Section 143.089 of the Code does not designate what personnel information may be produced and what is confidential. It does not state what information is public and what is protected. It does not expressly forbid the release of information to anyone under any circumstances as the majority opinion suggests. It merely denies the department discretion to release personnel information, directing instead that it refer requests and defer decisions to the civil service director who maintains the official personnel file.

The Code contemplates that even confidential information in the director's files may nevertheless be subject to release under certain circumstances. § 143.089(f).

I cannot read the statute as shielding from the public all information SAPD may place in its internal affairs files simply because after-the-fact it chooses to label them as personnel files. Because section 143.089 of the Code governs only those municipalities of 10,000 or more inhabitants that have adopted the civil service system,[3] I also question whether the legislature intended to treat the public or its law enforcement officers differently based upon size of the particular municipality and whether it has adopted a civil service program. Instead, I would hold the documents in dispute to be subject to release based upon the same balancing test applied to similarly sensitive personal information. *See Industrial Found. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 678 (Tex.1976); *Hubert v. Harte–Hanks Tex. Newspapers, Inc.*, 652 S.W.2d 546, 550 (Tex.App.—Austin 1983, writ ref'd n.r.e.).

I note that since the institution of this litigation, the AG has rendered an opinion construing the effect of section 143.089 of the Code in light of section 3(a)(1) of the Act. In his opinion, while a department may maintain personnel files containing a category of information not subject to public disclosure, section 143.089 does not diminish the public's right to obtain access to public personnel information but merely provides a procedural method for obtaining public information. Tex.Att'y Gen. ORD–562 (1990).

For the reasons stated, I would affirm the trial court's judgment.

---

**3.** *See* § 143.002.