

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

September 7, 2000

The Honorable Ken Armbrister
Chair, Committee on Criminal Justice
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0283

Re: Whether information made confidential by subsection 143.089(g) of the Local Government Code may be released to the city manager and the city attorney (RQ-0226-JC)

Dear Senator Armbrister:

You have requested our opinion as to whether information made confidential by subsection 143.089(g) of the Local Government Code may be released to the city manager and the city attorney. We conclude that it may be released to those individuals upon approval of the governing body of the municipality.

Chapter 143 of the Local Government Code authorizes a municipality with a population of 10,000 or more, and a salaried fire and police department, to hold an election to adopt a "fire fighters' and police officers' civil service law." TEX. LOC. GOV'T CODE ANN. §§ 143.002, .004 (Vernon 1999). If the law is adopted, "the Fire Fighters' and Police Officers' Civil Service Commission [the "Commission"] is established in the municipality." *Id.* § 143.006(a). The Commission is composed of "three members appointed by the municipality's chief executive and confirmed by the governing body of the municipality." *Id.* § 143.006(b). The Commission is required to appoint a "director" under subsection 143.012(a).

The Commission is the "custodian of police personnel files for general purposes." *City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 948 (Tex. App.–Austin 1993, writ denied). Section 143.089 requires the director of the Commission to "maintain a personnel file on each fire fighter and police officer." TEX. LOC. GOV'T CODE ANN. § 143.089(a) (Vernon 1999). The file must contain certain specified items. *Id.* The individual officer is entitled to respond to certain kinds of negative information that are placed in his personnel file, *id.* § 143.089(d), and such information must be removed if it is found not to be supported by sufficient evidence. *Id.* § 143.089(c). The contents of a personnel file held by the Commission may not be disclosed without the individual's written consent "unless the release of the information is required by law." *Id.* § 143.089(f). As the court in *City of San Antonio, supra*, declared:

> Subsections (a)-(f) of section 143.089 are important for present purposes because (1) they mandate the keeping of a personnel file on each police officer or fire fighter; (2) they designate the director of

the civil-service commission as the officer authorized to make disclosure decisions, under the Act, regarding those files; (3) they declare a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers and fire fighters, except with an individual's written consent; and (4) they establish an adjudicatory process to effectuate that policy decision. These provisions illumine and buttress the legislative intent reflected in the plain words of subsection (g) of section 143.089.

*City of San Antonio*, 851 S.W.2d at 949.

Subsection (g) of section 143.089 provides:

A fire or police department may maintain a personnel file on a fire fighter or police officer employed by the department for the department's use, but *the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer*. The department shall refer to the director or the director's designee a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file.

TEX. LOC. GOV'T CODE ANN. § 143.089(g) (Vernon 1999) (emphasis added). "Subsection (g) authorizes but does not require City fire and police departments to maintain for their use a separate and independent personnel file on a police officer or fire fighter." *City of San Antonio*, 851 S.W.2d at 949. In the words of Open Records Decision No. 562, "subsection (g) may be reasonably construed to permit a police or fire department to maintain personnel files on its employees and officers that contain more and different information than appears in the civil service personnel files for the same employees." Tex. Att'y Gen. ORD-562 (1990) at 7. Information contained in the subsection (g) file is "confidential by law" under the Public Information Act, section 552.101 of the Government Code. *See City of San Antonio*, 851 S.W.2d at 949.

Subsection (g) specifically states that the fire or police department "may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer." TEX. LOC. GOV'T CODE ANN. § 143.089(g) (Vernon 1999). The bill analysis for Senate Bill 279 which added subsection (g) states that, under its terms, "[a] fire or police department . . . may not release [personnel records] *to any person outside of the department*." SENATE COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. S.B. 279, 70th Leg., R.S. (1987) (emphasis added). On the other hand, the fire and police chiefs, unless elected, are "appointed by the municipality's chief executive and confirmed by the municipality's governing body." TEX. LOC. GOV'T CODE ANN. § 143.013(a)(1) (Vernon 1999). Thus, in one sense, the chief executive and the members of the governing body, and any other individual in the chain of command between the fire and police chief and the chief executive, are not persons "outside the department." They are the

supervisors of the department. Furthermore, the Supreme Court of Texas has long recognized that "legislative bodies of cities do have residual control over civil service employment other than those controls that are specifically defined in the Civil Service Act itself." *City of Sweetwater v. Geron,* 380 S.W.2d 550, 553 (Tex. 1964). As the Supreme Court said in *Glass v. Smith,* quoting a Wisconsin case, "[t]he fact that the commission (Civil Service Commission) is authorized by statute to make rules does not authorize it to divest the city council of its legal rights as governing body of the city." *Glass v. Smith,* 244 S.W.2d 645, 652 (Tex. 1951). In our opinion, therefore, subsection (g) should not be read to include the municipality's chief executive and members of its governing body within the ambit of those "persons or agencies" from whom the subsection (g) file must be withheld. This construction is consistent with well-established doctrine.

In Attorney General Opinion JC-0120, we considered whether a city council could provide its members access to a tape recording of an executive session of the council. Just as the subsection (g) file in the situation you pose constitutes information made confidential by law, so too did the tape recording of the executive session considered in JC-0120. But in neither case does release to the governing body of the municipality constitute a release to the public. Tex. Att'y Gen. Op. No. JC-0120 (1999) at 2. Attorney General Opinion JC-0120 concluded that a city council member was entitled to review the tape recording of an executive session, even one that he did not attend. The opinion relied in part on a prior ruling of the attorney general, Attorney General Opinion JM-119, which had said that, "when a trustee of a community college district, acting in his official capacity, requests information maintained by the district, he is not a member of the 'public' for purposes of the Open Records Act." Tex. Att'y Gen. Op. No. JM-119 (1983) at 2. The opinion continued: "Since . . . the board of trustees" is responsible for maintaining the records of the college district, "it logically follows that a member of that board has an inherent right of access to such records, at least when he requests them in his official capacity. . . . Without complete access to district records, such trustee could not effectively perform his duties." *Id.* at 3.

Attorney General Opinion JC-0120 noted that opinions subsequent to JM-119 had approved the principle set forth therein. *See, e.g.,* Tex. Att'y Gen. LO-93-069, LO-88-103. In particular, Letter Opinion 93-069 concluded that "members of the governing body of a state or local governmental entity have an inherent right to examine the records of the governmental entity if they request access to the records in their official capacity." Tex. Att'y Gen. LO-93-069, at 3. Attorney General Opinion JC-0120 also relied on a 1967 New York case that declared it "axiomatic that a trustee of a municipal corporation, having the ultimate responsibility over the affairs of the corporation, has an absolute right to inspect the records maintained by that corporation." *Gorton v. Dow,* 282 N.Y.S.2d 841, 842 (N.Y. Sup. Ct. 1967); *see also King v. Ambellan,* 173 N.Y.S.2d 98, 100 (N.Y. Sup. Ct. 1958).

In our view, these cases and opinions are equally applicable to the situation you present. "Without complete access" to the subsection (g) file, the chief executive and members of the governing body may be unable to "effectively perform" their duties. Without the independent oversight of their supervisors, the fire and police departments might come to function as completely independent arms of the municipality. As you indicate in your brief, the chief executive and his

designees, such as the city manager, would in such case have no means of evaluating the performance of either the police chief or the fire chief. Citizens' complaints might go unheeded, and the supervisors would have no means of correcting, or even confirming, potential violations within the departments.

All these factors support the conclusion that the chief executive and the governing body of a municipality, who appoint the heads of the police and fire departments — the custodians of the subsection (g) file — have an inherent right, in their official capacities, to examine the records contained in that file. As such, they may designate those individuals, including the city manager and the city attorney, who shall have access to the file. It is therefore our opinion that information made confidential by subsection 143.089(g) of the Local Government Code may be released to the city manager and the city attorney upon approval of the chief executive and governing body of the municipality. Of course, distribution of such information to unauthorized persons is a criminal offense, and "constitutes official misconduct." TEX. GOV'T CODE ANN. § 552.352 (Vernon 1994).

## S U M M A R Y

Information made confidential by subsection 143.089(g) of the Texas Local Government Code may be released to the city manager and the city attorney with the consent of the governing body of the municipality.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee