November 19, 2010

The Honorable Joe Deshotel
Chair, Committee on Business and Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0818

Re: Whether a civilian advisory committee to the police chief may review information maintained in a police department personnel file under Local Government Code, section 143.089(g) (RQ-0869-GA)

Dear Representative Deshotel:

Local Government Code section 143.089(g) authorizes a fire or police department to "maintain a personnel file on a fire fighter or police officer employed by the department for the department's use" and imposes certain restrictions on disclosure of material in such a file. TEX. LOC. GOV'T CODE ANN. § 143.089(g) (West 2008). You inform us that a home-rule municipality is contemplating establishing a "police civilian review board" (the "Board"), which would be appointed by the municipality's governing body "and assigned to the police chief to serve as an advisory body to the chief in the review of disciplinary matters involving such issues as use of force, official oppression, discharging firearms, infliction of serious bodily injury to another or any other internal investigation assigned and approved by the chief."[1] You ask whether such a Board may review information maintained in a police department personnel file under Texas Local Government Code section 143.089(g). Request Letter at 1.

Section 143.089 provides for two different personnel files. TEX. LOC. GOV'T CODE ANN. § 143.089 (West 2008); *Ealoms v. State*, 983 S.W.2d 853, 858 (Tex. App.—Waco 1998, pet. ref'd). Subsections (a) through (f) concern the file that a director of a civil service commission must maintain for each fire fighter and police officer (a "civil service file"). TEX. LOC. GOV'T CODE ANN. § 143.089(a)–(f) (West 2008). These subsections further specify information that both must and must not be in such a file. *Id.* The director may release information in a fire fighter's or police officer's civil service file only with the person's written consent or as otherwise affirmatively required by law. *Id.* § 143.089(f).

Subsection (g) allows a fire or police department to maintain a personnel file (a "department personnel file") separate from and independent of the civil service file:

---

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

> A fire or police department may maintain a personnel file on a fire fighter or police officer employed by the department *for the department's use*, but the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer. The department shall refer to the director or the director's designee a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file.

*Id.* § 143.089(g) (emphasis added). A member of the department or "a subsidiary element of the department" may use or access a department personnel file "for the department's use." *See City of San Antonio v. Tex. Att'y Gen.*, 851 S.W.2d 946, 951 (Tex. App.—Austin 1993, writ denied) (observing that "[t]here is no suggestion in the statute that [department] 'use' may not include use or physical control by a subsidiary element of the department").[2] However, information in a department personnel file is confidential, "and the statute expressly forbids [its] release to anyone [outside the department] under any circumstances." *Id.* at 949, 952.[3] Consequently, subsection (g) allows the department or a "subsidiary element of the department" to use a department personnel file, but prohibits its disclosure to others. *Id.*[4]

Whether members of a civilian advisory board may view a personnel file under section 143.089(g) of the Local Government Code will depend on (1) the Board's status and function as a part of the department and (2) limitations on the board's use of subsection (g) files to department purposes only, which will depend on the specific facts of the Board's appointment. *See City of San Antonio*, 851 S.W.2d at 951; Tex. Att'y Gen. Op. No. JC-0283 (2000) at 2–3 (department personnel file could be utilized by persons in the "chain of command"). While you state in general terms that the Board would be appointed "exclusively for internal police department purposes," you have not

---

[2]*See also In re Jobe*, 42 S.W.3d 174, 180 (Tex. App.—Amarillo 2001, no pet.) (stating that "a [subsection] (g) file is not required to be maintained, but if one is maintained, it is for the department's use, the material may not be released by the department, and any requests for information will be referred to the director or the director's designee"); *City of San Antonio v. San Antonio Express-News*, 47 S.W.3d 556, 561 n.1, 563–65 (Tex. App.—San Antonio 2000, pet. denied) (concluding that the nature of information, rather than the identity of the departmental unit that maintains it, determines whether subsection (g) precludes its disclosure).

[3]*See also In re Jobe*, 42 S.W.3d at 181 (concluding that if a civil court's review power is properly invoked, it may conduct an *in camera* inspection to determine if information in a subsection (g) file should have been placed in the civil service file); *Ealoms*, 983 S.W.2d at 859 (stating that department subsection (g) files are "privileged by statute," but may be reviewed *in camera* by a trial court in a criminal case).

[4]The Public Information Act proscribes the distribution of confidential information as a criminal offense. TEX. GOV'T CODE ANN. § 552.352(a) (West 2004). Section 552.352 also precludes an officer or employee from using confidential information "for a purpose other than the purpose for which the information was received or for a purpose unrelated to the law that permitted the officer or employee to obtain access to the information." *Id.* § 552.352(a-1)(1). For purposes of subsection (a-1), "a member of an advisory committee to a governmental body who obtains access to confidential information in that capacity is considered to be an officer or employee of the governmental body." *Id.* § 552.352(a-2).

provided specific information establishing the Board's status and function as a part of the department, or how the Board's use of subsection (g) files will be limited to department purposes. *See* Request Letter at 2. Consequently, we are unable to advise whether a civilian advisory committee may review information maintained in a police department personnel file under Texas Local Government Code section 143.089(g).

## S U M M A R Y

Whether a civilian advisory committee may review information maintained in a police department personnel file under Texas Local Government Code section 143.089(g) will depend on specific facts establishing the committee as part of the department and limiting the committee's use of the files to department purposes only.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee