**Allen HART and Ernie Williams, Appellants,**

v.

**Woodrow W. GOSSUM, Jr., Appellee.**

No. 2–98–267–CV.

Court of Appeals of Texas, Fort Worth.

July 1, 1999.

Rehearing Overruled Aug. 5, 1999.

Mills, Millar & Cullar, L.L.P. and R. John Cullar, Waco, for Appellant.

Barry Macha, Criminal District Attorney and Douglas L. Baker, Assistant District Attorney, Wichita County, for Appellee.

Panel B: DAUPHINOT, BRIGHAM, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

### BACKGROUND

■ This is an appeal from the trial court's denial of appellants Allen Hart and Ernie Williams' petition for a writ of mandamus. We have jurisdiction over the appeal because an action for a writ of mandamus initiated in the trial court is a civil action subject to appeal as in any other civil suit. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 792 n. 1 (Tex. 1991).

In August 1997, appellants served a public information request on appellee,[1] in which they requested a September 6, 1996 letter from H. Dustin Fillmore, an attorney, to Judge Gipson. Judge Gipson produced the September 6 letter in redacted form but refused to produce the complete letter. Appellants then filed the underlying mandamus proceeding in an effort to obtain a complete copy of the letter. *See* TEX. GOV'T CODE ANN. § 552.321 (Vernon Supp.1999) (providing for mandamus in this situation).

After a hearing, the trial court ruled that the redacted portion of the September 6 letter was excepted from disclosure under the Texas Public Information Act and denied appellants' request for mandamus relief. Appellants appeal from that ruling.

The Texas Public Information Act (the Act) provides public access to many governmental documents. TEX. GOV'T CODE ANN. §§ 552.001–.353 (Vernon 1994 & Supp.1999). "Public information" includes information collected, assembled, or maintained in connection with the transaction of the official business of a governmental body, such as a county commissioners court. *See id.* §§ 552.002(a)(1), 552.003(1). However, the Act excepts certain information from disclosure. *See id.* §§ 552.101–.130.

The parties to this appeal do not dispute that the September 6 letter was connected with the Wichita County Commissioners Court's official business, or that the county judge was the custodian of the letter. Rather the dispute centers around whether any part of the September 6 letter is excepted from disclosure under the Act.

### ISSUE AND STANDARD OF REVIEW

In a single issue, appellants contend there is no evidence to support the trial court's ruling that the redacted part of the September 6 letter is exempt from disclosure. In determining a "no-evidence" issue, we are to consider all of the evidence in the light most favorable to the party in whose favor the judgment has been rendered, and to indulge every reasonable inference from the evidence in that party's favor. *See Formosa Plastics Corp. v. Pre-*

---

1. Appellants sought the information from the county judge of Wichita County, who was the custodian of records for the Wichita County Commissioners Court. In 1996 and 1997, Judge Nick Gipson was the county judge. Judge Gipson has since been succeeded by Judge Woodrow W. Gossum, Jr.

*sidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex.1998); *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *See Formosa Plastics Corp.*, 960 S.W.2d at 48; *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.1996).

## DISCUSSION

### Unredacted September 6 Letter is Part of Record

■ First, appellants contend the complete September 6 letter was never introduced into evidence; therefore, the letter itself cannot be used to provide some evidence to support the trial court's ruling. The record shows, however, that appellee tendered a complete copy of the September 6 letter to the trial court for in camera review, and the trial court stated, "All right, I will review it." This discussion on the record is sufficient to show the letter was admitted into evidence.

When the record was filed in this court, the document tendered for in camera review was not in the record, so we asked the trial court clerk to prepare a supplemental record containing the sealed exhibit. A sealed document was submitted via a supplemental record, but appellants objected to it, and the parties could not agree about whether the sealed document was the copy of the complete September 6 letter that appellee originally tendered to the trial court. Thus, we returned the supplemental record unfiled and abated the case to the trial court for a determination of what was a true and correct copy of the unredacted September 6 letter appellee tendered to the trial court. *See* Tex. R.App. P. 34.6(e). At a hearing concerning the unfiled sealed document, the trial court found that the document was the same copy of the unredacted September 6 letter

that was before the court at the mandamus hearing. That letter has been filed with this court under seal and is now part of the record on appeal, and the case has been reinstated on our docket.

■ Appellants have not filed any post-hearing objections to the sealed document now on file. They do, however, urge us not to consider the unredacted copy of the September 6 letter because appellee never authenticated the letter when he tendered it to the trial court. This complaint is waived because appellants did not raise it in the trial court. *See* Tex.R.App. P. 33.1(a); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g).

Because appellee tendered a copy of the unredacted September 6 letter to the trial court and the trial court admitted it, and because that letter is in the record, we will consider it in our determination of appellants' no-evidence issue.

### Evidence of Exception to Disclosure

If a governmental body receives a written request for information that it wants to withhold as excepted from public disclosure, the entity has 10 business days to ask the attorney general if the information falls within an exception. *See* Tex. Gov't Code Ann. § 552.301(a). If the governmental body does not timely request an opinion from the attorney general, the requested information is presumed to be public information. *See id.* § 552.302.

■ Appellee contends the redacted portions of the September 6 letter are exempt from disclosure under the attorney-client privilege. But appellee did not timely request an attorney general's opinion about whether the September 6 letter was excepted from disclosure; therefore, the entire letter is presumed to be public information. Appellants contend appellee did not present any evidence in the trial court to rebut the presumption of openness.

■ There is a split of authority about what effect the failure to request an attor-

ney general's opinion has on a governmental entity's right to rely on the Act's exceptions. The Austin Court of Appeals has adopted the attorney general's position that a party seeking to overcome the presumption of openness must make a compelling demonstration that the requested information should not be made public. *Hancock v. State Bd. of Ins.*, 797 S.W.2d 379, 381 (Tex.App.—Austin 1990, no writ). Conversely, the Dallas Court of Appeals has ruled that the presumption does not require the governmental entity to make a compelling demonstration of why the information should not be made public. *City of Garland v. Dallas Morning News*, 969 S.W.2d 548, 555 (Tex.App.—Dallas 1998, pet. granted). Instead, the presumption creates a prima facie case that the records are public information, and the governmental body must produce evidence supporting an exception from disclosure under the Act. *Id.* We agree with the Dallas court and hold that a public entity may rebut the presumption of openness with evidence that the withheld information is exempt from disclosure under one of the exceptions set out in the Act. *See Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex.1995) ("A [statutory] presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary.").

Appellee contends the redacted portions of the September 6 letter are excepted from disclosure based on the attorney-client privilege because the Act excepts information from disclosure "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." TEX. GOV'T CODE ANN. § 552.101. Appellants assert there is no evidence in the record to support appellee's contention that the letter falls within the attorney-client privilege.

■ Texas courts have long held that confidential communications between attorneys and their clients made for purposes of facilitating the rendition of legal services are privileged from disclosure.

*See Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex.1996); *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 647 (Tex.1995); *see also United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989) (recognizing attorney-client privilege as "the oldest of the privileges for confidential communications known to the common law."). For purposes of the attorney-client privilege, a "client" includes an entity "who consults a lawyer with a view to obtaining professional legal services from that lawyer." TEX.R. EVID. 503(a)(1). Confidential communications made after counsel is retained are privileged, as well as those made in the course of preliminary discussions with a view to employing the lawyer. *See MortgageAmerica Corp. v. American Nat'l Bank of Austin*, 651 S.W.2d 851, 857–58 (Tex.App.—Austin 1983, writ ref'd n.r.e.) (privilege extends to confidential disclosures made in order to obtain legal counsel); *see also In re Auclair*, 961 F.2d 65, 69 (5 th Cir.1992) (privilege extends to confidential communications even if employment is not accepted).

■ In this case, although the commissioners court had not yet hired Fillmore when the September 6 letter was written, Fillmore was retained on September 16, 1996, just 10 days later. Further, the redacted portions of the September 6 letter contain Fillmore's opinions and legal advice to appellee about trial strategy. Thus, the redacted portions of the letter are confidential communications between appellee and his attorney made for the purposes of facilitating the rendition of legal services, and they are protected by the attorney-client privilege.

■ In addition, the evidence that the redacted portions contain Fillmore's legal advice about trial strategy is sufficient to rebut the presumption of openness and bring the withheld information within the section 552.101 exception under the *City of Garland* standard. Indeed, even if we were to adopt the Austin court's requirement of compelling evidence to rebut the presumption of openness, we believe evidence that documents contain confidential

attorney-client communications regarding trial strategy is compelling evidence against disclosure. Thus, the redacted portions of the September 6 letter are evidence supporting the trial court's conclusion that the letter is excepted from disclosure under the Act. *See In re Valero Energy Corp.*, 973 S.W.2d 453, 458 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (holding that documents' privileged nature can be established by the documents themselves).

 Moreover, the Texas Attorney General has ruled that attorney communications of legal advice and opinions are excepted from disclosure under the Act. Tex. Att'y Gen. ORD–574 (1990).[2] Where, as here, the attorney general has previously determined that certain information falls within one of the Act's exceptions, a governmental entity wishing to withhold such information from public disclosure is *not* required to request another decision from the attorney general before withholding the information. *See* Tex. Gov't Code Ann. § 552.301(a). Instead, the governmental entity is entitled to rely on the attorney general's previous determination. *See id.; Rainbow Group, Ltd. v. Texas Empl. Comm'n*, 897 S.W.2d 946, 950 (Tex.App.—Austin 1995, writ denied).

 We are aware of the attorney general's ruling that failure to timely assert the attorney-client privilege in a request for an attorney-general ruling under section 552.301 results in waiver of the privilege. *See* Tex. Att'y Gen. ORD–630 (1994). However, this portion of Order 630 is not supported by any case law directly on point, and we decline to follow it. "The doctrines of waiver and estoppel have no place" in a proceeding under section 552.301 because an attorney general's opinion is purely ministerial and advisory; the opinion does not "bind[ ] parties in their legal and equitable interests." *City of San Antonio v. Texas Att'y Gen.*, 851 S.W.2d 946, 950 (Tex.App.—Austin 1993, writ denied); *see also City of Garland*, 969 S.W.2d at 554–55 (noting that, although attorney general's opinions are entitled to due consideration, they are not binding on courts).

In addition, Order 630 seems to circumvent the express provision in section 552.301 that no additional ruling from the attorney general is required where there has been "a previous determination about whether the information falls within one of the [Act's] exceptions." Tex. Gov't Code Ann. § 552.301(a). Because the attorney general has previously determined that attorney communications of legal advice and opinions are excepted from disclosure under the Act, appellee was not required to request an attorney general's opinion about the redacted portions of the September 6 letter before withholding the information from disclosure or before asserting the exception in the trial court and tendering the document for in camera inspection at the mandamus hearing.

## CONCLUSION

Because there is evidence supporting the trial court's decision that the redacted portions of the September 6 letter are excepted from disclosure under the Act, we overrule appellants' point and affirm the trial court's judgment.

**2.** Order 574 discusses section 552.107(1) of the government code, which excepts from disclosure information that an attorney of a political subdivision is prohibited from disclosing under the Texas Rules of Evidence. Because the attorney-client privilege is now set out in the Texas Rules of Evidence, rather than the common law, as it once was, we are unsure why appellee does not rely on section 552.107(1). Nonetheless, the "information considered to be confidential by law" catch-all provision of section 552.101 certainly includes information governed by the attorney-client privilege.