**CITY OF SAN ANTONIO, Appellant,**

v.

**SAN ANTONIO EXPRESS–NEWS and John Tedesco, Appellees.**

No. 04–99–00848–CV.

Court of Appeals of Texas, San Antonio.

Dec. 20, 2000.

Rehearing Overruled Feb. 23, 2001.

Paula Dlugosz, William W. Morris, Asst. City Atty., San Antonio, for Appellant.

Mark J. Cannan, Clemens & Spencer, P.C., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice.

## OPINION

TOM RICKHOFF, Justice.

This is an appeal from a summary judgment rendered in favor of the San Antonio Express–News ("the Express–News") and John Tedesco. The newspaper requested the "Use of Force" reports from the San Antonio Police Department under the Texas Public Information Act ("the TPIA"), and the City responded that the reports were exempt as part of an individual officer's personnel file. We find that the re-

ports are administrative in character and that we must construe the TPIA liberally in favor of granting requests for information. We affirm.

## BACKGROUND

In February 1998, the San Antonio Police Department ("the SAPD") began using Use of Force reports, which are to be completed by an officer after the use of "any type of force except verbal persuasion or open/empty hand control techniques" and "turned in before the end of the officer's tour of duty." *See* SAPD Procedure 501. The report is forwarded to the officer's supervisor and then to Professional Standards (formerly known as Internal Affairs). The report contains information regarding the incident in which force was used, such as the date, time, and location of the incident; the case number assigned to the incident; the officer's name, badge number, and unit assignment; the offense classification; and the prisoner's name and birth date. The officer must explain the incident and indicate the type of weapon used. If the arresting officer was assisted, the name and badge number of the assisting officer must be included. The report indicates whether the prisoner was injured, and if so, a section relating to the injury must be completed. If a supervisor was at the scene, the supervisor completes a section of the report indicating whether the departmental policies and procedures were complied with, and if not, what policies or procedures were violated and what action, if any, should be taken.

Professional Standards maintains the reports pursuant to SAPD Procedure 906. Professional Standards enters the information contained in the reports into a computer database.

In October 1998, John Tedesco, a reporter for the Express–News, made a request to the SAPD for all department records on the use of pepper spray during the preceding two years. The SAPD responded by sending Tedesco a blank Use of Force form. In November 1998, Tedesco sent a second request to the SAPD, clarifying his October request and asking for all records regarding the use of pepper spray, including Use of Force reports. In December 1998, Tedesco simply asked for all completed Use of Force reports, as well as access to the Use of Force database. The City declined to release any information, and asked the Texas Attorney General ("the AG") for a decision regarding the disclosure of such information.

In February 1999, the Open Records division of the AG's office issued an informal letter ruling, recognizing one exception to disclosure that "might" apply. The AG stated that "if the requested records are maintained only within the internal, [Local Government Code] section 143.089(g) file, the submitted records are confidential and may not be disclosed. However, if the responsive records exist elsewhere, outside the section 143.089(g) file, the information would be subject to disclosure under the Open Records Act." After receipt of the AG's letter, the City refused to disclose the reports to the Express–News, asserting that the reports were protected from compelled disclosure by section 143.089(g).

The Express–News and Tedesco jointly filed a petition for writ of mandamus and declaratory relief in Bexar County district court against the City. The Express–News and Tedesco later moved for summary judgment on the grounds that the Use of Force reports, sought pursuant to the TPIA (formerly, the Open Records Act), were not subject to any exception under the TPIA and they were entitled to immediate access to the reports. The trial

court granted the summary judgment, and this appeal by the City ensued.

## USE OF FORCE REPORTS

SAPD Procedure 501 is entitled "Use of Force," and its purpose is to "provide[ ] officers with guidelines on the use of non-deadly and deadly force." Procedure 501 provides that the type of force used and the reason for using force must be documented by the officer using force in a Use of Force report. The original report is then given to the officer's supervisor who was verbally notified of the use of force; the officer's supervisor completes the appropriate section of the report and routes the original to Professional Standards. Professional Standards investigates incidents involving the use of any force. Procedure 501 does not indicate the purpose of the Use of Force reports or how they are used by Professional Standards.

## SAPD FILES

The City's Fire Fighters' and Police Officers' Civil Service Commission ("the Commission") exercises various powers over personnel practices within the City's fire and police departments. TEX. LOC. GOV'T CODE ANN. § 143.001 (Vernon 1999). The powers pertain to such things as physical and other examinations, appointments, certifications, and promotions. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. §§ 143.021, .022, .025 (Vernon 1999 & Supp.2000). The legislature assigned these various powers to civil-service commissions in order to achieve efficient fire and police departments. *Id.* § 143.001 (Vernon 1999). The Commission is the custodian of police personnel files for general purposes, which includes compliance with the TPIA. *Id.* § 143.089.

Section 143.089 contemplates two types of personnel files. *City of San Antonio v. Texas Att'y Gen.,* 851 S.W.2d 946, 947

(Tex.App.—Austin 1993, writ denied). The first type of file is described in subsections (a) through (f) of section 143.089, and these subsections are mandatory in their terms. *Id.* at 948. These subsections provide that the director of the Commission must maintain a personnel file for each police officer and fire fighter, which must contain certain specified items: (1) commendatory items; (2) documents relating to any misconduct in those cases where the fire or police department took disciplinary action against the individual; and (3) supervisors' periodic evaluations of individual police officers and fire fighters. TEX. LOC. GOV'T CODE ANN. § 143.089(a)(1–3). A document alleging misconduct may not be placed in the personnel file if there is insufficient evidence to support the allegation. *Id.* § 143.089(b). When documents relating to any misconduct enter an individual's personnel file, the director must notify the police officer or fire fighter within thirty days, and he or she may respond to the document within fifteen days. *Id.* § 143.089(d). The document must be removed from the individual's file if the Commission finds the disciplinary action was taken without just cause or the charge of misconduct was not supported by sufficient evidence. *Id.* § 143.089(c). The contents of an individual's personnel file may not be disclosed without the individual's written consent "unless the release of the information is required by law." *Id.* § 143.089(f).

The second type of file is described in subsection (g) of section 143.089, and its terms are permissive. *City of San Antonio,* 851 S.W.2d at 949. Subsection (g) authorizes, but does not require, City fire and police departments to maintain for their use "a separate and independent personnel file on a police officer or fire fighter." TEX. LOC. GOV'T CODE ANN. § 143.089(g). Subsection (g) also regu-

lates the keeping of these files, providing that "the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer"; instead, "[t]he department shall refer to the director [of the civil-service commission] or the director's designee a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file." *Id.*

Here, there is no dispute that the Use of Force reports are not kept in the subsection (a) personnel files. The parties disagree over whether the reports are part of the subsection (g) files. The City argues that the Use of Force reports, although maintained by Professional Standards, are subsection (g) personnel files. The Express–News argues that the reports are generated for, and maintained by, Professional Standards; are administrative in nature; and are not part of an individual officer's subsection (g) personnel file.[1]

## ANALYSIS

### STANDARD OF REVIEW

▮ We review a summary judgment de novo. *Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.—San Antonio 1995, writ denied). We will uphold a summary judgment only if the record establishes that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *See*

Tex.R. Civ. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). If the uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *Id.*; Tex. R .Civ. P. 166a(c).

### THE TEXAS PUBLIC INFORMATION ACT

▮ The TPIA's core provision provides that the public is entitled to information "collected, assembled, or maintained by a governmental body." Tex. Gov't Code Ann. §§ 552.002, 552.021 (Vernon 1994 & Supp.2000). The TPIA contains specific exceptions from compelled disclosure of information expressly made confidential by law, certain information relating to personnel files, and certain law-enforcement and

---

1. The Express–News' argument relies, in part, on the fact that the Use of Force reports are maintained by the Professional Standards Unit, rather than by the Accounting and Personnel Unit. Therefore, the Express–News concludes that the Use of Force reports are *administrative* files, as opposed to *personnel* files. A similar argument was rejected in *City of San Antonio.* In that case, involving a newspaper's request for a police department file, the appellees argued that the disputed

information was subject to compelled disclosure because the disputed records were within the physical control of the department's internal-affairs unit. The Austin Court of Appeals rejected that argument, stating, "Under section 143.089 the department is authorized to maintain the personnel files of subsection (g) 'for its use.' There is no suggestion in the statute that such 'use' may not include use or physical control by a subsidiary element of the department." 851 S.W.2d at 951.

prosecutors' records. *Id.* §§ 552.101, 552.102, 552.108. The TPIA "shall be liberally construed in favor of granting a request for information."[2] TEX. GOV'T CODE ANN . § 552.001 (Vernon 1994); *see also A & T Consultants, Inc. v. Sharp,* 904 S.W.2d 668, 675 (Tex.1995). Whether information is subject to the TPIA and whether an exception to disclosure applies are questions of law. *A & T Consultants,* 904 S.W.2d at 674.

The City argues that the Use of Force reports are made confidential by law under TPIA sections 552.102[3] and 552.108, and Local Government Code section 143.089 because the reports are part of a police officer's personnel file. The Express–News argues the reports are kept in general administrative files by Professional Standards; therefore, they are not personnel files protected from compelled disclosure. The issue on appeal, then, is whether a Use of Force report, completed by individual officers, is part of an officer's personnel file, or whether the reports, maintained and used by Professional Standards, are merely administrative files. If the former, they may be exempt from compelled disclosure; if the latter, they are subject to disclosure.

## POLICE PERSONNEL FILES

 Section 143.089 does not expressly label particular information in police officers' or fire fighters' personnel files "confidential," but subsections (f) and (g) place restrictions on the disclosure of information in personnel files. Subsection (f) does so by requiring the written consent of the police officer or fire fighter prior to the release of any such information. This consent requirement is tempered, however, by the phrase "unless the release is required by law." Subsection (g), meanwhile, states that a fire or police department may not release any information contained in a personnel file maintained by the department but must instead refer all requests for such information to the director of the civil service department. Subsection (g), therefore, creates a category of information that is not available for public inspection. *City of San Antonio,* 851 S.W.2d at 952 (holding that statute expressly forbids release of subsection (g) files to anyone under any circumstances).

The City relies on the holding in *City of San Antonio* for its argument that the Use of Force reports are "deemed confidential" simply because they are part of a police officer's subsection (g) personnel file.[4]

2. We consider this guidance a clear expression of legislative intent directed to both officials who must respond to requests for public information and to courts reviewing their decisions. The Express–News' attorney, Mark Cannan, argued that the City's natural impulse was to resist the newspaper's request for records, suggesting that the City should have seen this as an opportunity to reassure the public. From this record, we are unable to reach this conclusion.

3. "Information is excepted from the requirements of Section 552.021 if it is information in a personnel file, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, except that all information in the personnel file of an employee of a governmental body is to be made available

to that employee or the employee's designated representative as public information is made available under this chapter. The exception to public disclosure created by this subsection is in addition to any exception created by Section 552.024. Public access to personnel information covered by Section 552.024 is denied to the extent provided by that section." TEX. GOV'T CODE ANN. § 552.102 (Vernon Supp. 2000).

4. The City refers to section 552.101 of the TPIA in its brief, but makes no argument under this section. Section 552.101 states that, "Information is excepted from the requirements of Section 552 .021 if it is information considered to be confidential by law, either constitutional, statutory, or by judicial

The Austin Court of Appeals held as follows:

> We conclude the plain, simple, and unambiguous terms of subsection (g) permit only one reasonable construction—the legislature intended to deem confidential the information maintained by the City police department for its own use under subsection (g). There appears to be no other reasonable explanation for the explicit prohibition and directive that regulates such files: "the department *may not release*" information kept in such a file; and "[t]he department shall *refer to the director*" any person requesting information contained in such a file.

851 S.W.2d at 949 (citation omitted).

■ We do not read *City of San Antonio* as broadly as the City. Although subsection (g) permits a police department or fire department to maintain personnel files on its employees and officers that contain more and different information than appears in the civil service personnel files for the same employees, that does not mean that any and all documents contained in the subsection (g) files are automatically exempt from disclosure under the TPIA. To interpret *City of San Antonio* as urged by the City would allow a police department to protect from disclosure any document, which would otherwise be subject to disclosure under the TPIA, by placing that document into a file labeled "departmental subsection (g) personnel file." We do not believe the legislature or the Austin Court of Appeals intended such a result. We hold that subsection (g) prohibits the disclosure of (1) information of the type listed in Section 143.089(a)-(d) that is maintained in the police officer's or fire fighter's civil service personnel file and (2) any other information reasonably related to a police officer's or fire fighter's employment relationship. Information in the department file that is not reasonably related to the individual's employment relationship remains subject to disclosure under the TPIA. Such a holding is consistent with *City of San Antonio; see id.*, 851 S.W.2d at 953 (citing with approval to Tex. Att'y Gen. ORD–562);[5] and with the AG's informal letter ruling that "if the responsive records exist elsewhere, outside the section 143.089(g) file, the information would be subject to disclosure under the Open Records Act." The Use of Force reports are not of the type listed in Section 143.089(a)-(d); therefore, the question is whether the Use of Force reports are reasonably related to a police officer's employment relationship.

The City's summary judgment evidence does not establish whether police department subsection (g) personnel files are actually maintained by Professional Standards. The City submitted the affidavit of Captain James Robinson, who commands

---

decision." TEX. GOV'T CODE ANN. § 552.101. We construe the City's argument to be that section 143.089(g) is the statutory·law that deems the Use of Force reports confidential under section 552.101.

5. Attorney General opinion 562 states that "Such additional information [contained in subsection (g) files] must be reasonably related to the police officer's or fire fighter's employment relationship with the police or fire department.... [S]ection 143.089 authorizes the maintenance of separate personnel files by a civil service department of a city and a

police or fire department of the city. It does not diminish the public's right under the TPIA to obtain access to information in fire fighters' or police officers' personnel files maintained by a civil service department under subsection (a) of the statute, but merely imposes specific procedural requirements with respect to certain information in those files." The *City of San Antonio* majority cited with approval to this language when it addressed the dissenting opinion in that case. 851 S.W.2d at 953.

the Professional Standards Unit. Robinson stated that the Use of Force reports "are characterized as and are considered to be a part of the [SAPD's] internal departmental files on each police officer." Robinson said the SAPD's internal departmental files "are strictly for department use only, and the Police Department may not release any information contained in the departmental file to any person requesting information on a police officer.... [N]either [the reports] nor the information contained within them are kept anywhere else within the City of San Antonio or the San Antonio Police Department, besides the Professional Standards office. The 'Use of Force' reports and the information contained therein are not available to any person within the Police Department except those officers assigned to Professional Standards and for use by the Chief of Police."

Although Robinson said the Use of Force reports are maintained by Professional Standards, he did not specifically state that Professional Standards maintained the police department's subsection (g) personnel files, or if so, that the Use of Force reports were kept within those files. Therefore, even assuming Professional Standards maintains the subsection (g) personnel files, the City's summary judgment evidence does not indicate whether the Use of Force reports are physically contained within those files. In other words, the evidence does not indicate whether the Use of Force reports are maintained separately in each individual officer's subsection (g) personnel file, or whether the reports are maintained in a separate file somewhere else within Professional Standards.

Even aside from where the Use of Force reports are physically maintained, the summary judgment evidence indicates that the reports are used by Professional Standards to track use of force by the SAPD in general. Therefore, information about use of force is contained not only in the reports, but also within a database that is maintained by Professional Standards and used by the Chief of Police. Captain Rose Mary Flammia, who commands the accreditation and staff inspection units, testified that the reports are maintained as departmental Professional Standards files. She said she was aware of the computer database on which Professional Standards compiled details from the Use of Force reports about the types of spray or other weapon used against a prisoner, the location of the incident, and other information. She thought the database was used to detect or show patterns in the use of force.

 Flammia also compared the information contained in the Use of Force report with information contained on the first page of an "offense report." Portions of an offense report are public information, while other portions containing investigative information are not made available to the public. *See Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177 (Tex.Civ.App.—Houston [14th Dist.] 1975), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex.1976); *see also Hogan v. Hearst Corp.*, 945 S.W.2d 246, 250–51 (Tex.App.—San Antonio 1997, no writ) (citing with approval to *Houston Chronicle*). The following information, contained on both forms, is considered public information: the identity of the arresting officer and any assisting officers; whether a supervisor made the scene; the identity of the prisoner; whether the prisoner was injured and how; and whether force was used and, if so, the type of weapon. Flammia said there was nothing in the Use of Force report of an investigative nature.

The uncontroverted testimony of both Robinson and Flammia supports the Express News' contention that the Use of

Force reports are administrative in nature, as opposed to personnel-related. Therefore, even assuming the Use of Force reports are kept in an officer's subsection (g) file, which file is maintained by Professional Standards, the reports are still subject to disclosure under the TPIA because they are not any more reasonably related to an individual officer's employment relationship with the department than an "offense report" completed by the same officer detailing the same incident.

LAW ENFORCEMENT INFORMATION

■ The City also asserts the reports are excepted from disclosure by section 552.108 of the TPIA, which protects

> records of law enforcement agencies and prosecutors that deal with the detection, investigation, and prosecution of crime and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution.

■ In order to secure the protection of this exception, the governmental body must demonstrate that release of the requested information will unduly interfere with law enforcement and crime prevention. *See Ex parte Pruitt,* 551 S.W.2d 706, 709–10 (Tex.1977).

■ Although the City quotes section 552.108 in its appellate brief, it makes no argument regarding this section. Therefore, the City has not provided us with argument sufficient to make its appellate complaint viable. This Court has discretion to deem the City's section 552.108 insufficiently briefed point waived, without allowing for amendment or rebriefing. *Fredonia State Bank v. General Am. Life Ins. Co.,* 881 S.W.2d 279, 284–85 (Tex. 1994).

**CONCLUSION**

The Use of Force reports may not be withheld on the basis of section 143.089 of the Local Government Code, and we affirm the summary judgment in favor of the Express–News and Tedesco.