6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00039-CV


______________________________





IN RE: GERALD ALLEN PERRY








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Gerald Allen Perry, Relator, has filed a petition asking this Court to issue a writ of
mandamus. In his petition for writ of mandamus, Perry asks us to direct the 202nd Judicial District
Court of Texas to rule on his "Motion for Sanctions for Abuse in Resisting Discovery." 

 Perry states his motion for discovery sanctions had not been ruled on by the time the trial
court dismissed his underlying suit. But Perry provides no evidence that (1) he ever moved for an 
order to compel discovery, (2) he ever urged the trial court to grant a hearing or take action on his
motion, or (3) the dismissal of his underlying lawsuit was improper. (1)


 Mandamus issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy by law. See Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). The party seeking mandamus relief has the burden of
providing the court with a sufficient record to establish his or her right to relief. Id. at 337. Here,
Perry's petition does not show a clear abuse of discretion by the trial court. 

 Furthermore, even when there has been a clear abuse of discretion, mandamus will not issue
where there is "a clear and adequate remedy at law, such as a normal appeal." Id. Mandamus is
intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue
"only in situations involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies." Id. at 840 (citing Holloway v. Fifth Court of Appeals, 767 S.W.2d
680, 684 (Tex. 1989)). Perry's petition fails to demonstrate that an ordinary appeal or bill of review
is not an adequate remedy. 

 We conclude Perry is not entitled to the relief sought. See Tex. R. App. P. 52.8(a). 




 The petition for writ of mandamus is denied.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 25, 2003

Date Decided: March 26, 2003

 
1. Perry  asserts the dismissal was based on Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)
and (e) (Vernon Supp. 2003). That section of the Texas Medical Liability and Insurance
Improvement Act provides in pertinent part as follows:


 (d) Not later than . . . the 180th day after the date on which a health care
liability claim is filed . . . the claimant shall, for each physician or health care
provider against whom a claim is asserted:


 (1) furnish to counsel for each physician or health care provider one or more
expert reports, with a curriculum vitae of each expert listed in the report; or 

 

 (2) voluntarily nonsuit the action against the physician or health care provider. 

 

 (e) If a claimant has failed, for any defendant physician or health care
provider, to comply with Subsection (d) of this section within the time required, the
court shall, on the motion of the affected physician or health care provider, enter an
order awarding as sanctions against the claimant . . . ;


. . . .

 

 (3) the dismissal of the action of the claimant against that defendant with
prejudice to the claim's refiling.


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d), (e). Perry has not shown the filing of any such
report or curriculum vitae; in fact, Perry's lawsuit was dismissed apparently because of a failure to
file those required items on a timely basis. While Perry appears to have been seeking to obtain,
through discovery, an expert report from another party in this cause, there is no indication that Perry
also has sought to obtain a corresponding curriculum vitae. More importantly, there is no provision
in the above Act that a claimant need not timely file the required items while he or she uses
discovery to obtain them.



conviction is through an application for a writ of
habeas corpus. The procedure set forth in Article 11.07 of the Texas Code of Criminal
Procedure is the exclusive post-conviction judicial remedy available when the conviction
is final and the applicant is confined by virtue of his or her felony conviction. See Ex parte
Adams, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989); In re Harrison, 187 S.W.3d 199, 200
(Tex. App.--Texarkana 2006, orig. proceeding).

 Because a writ of habeas corpus is a more appropriate vehicle to bring his collateral
attack, Patton has an adequate remedy at law and is not entitled to a writ of mandamus. 
See Harrison, 187 S.W.3d at 200. Consequently, Patton has not shown he is entitled to
mandamus relief on these grounds.

III. CLAIMS CONCERNING THE DISTRICT CLERK

 With respect to Patton's claims regarding the district clerk's failure to provide him
with certain records, we note that we are without jurisdiction to issue a writ of mandamus
against the district clerk of Hopkins County. Under the Texas Constitution, the
intermediate courts of appeals have original jurisdiction ''as may be prescribed by law." 
Tex. Const. art. V, § 6. The law gives an intermediate court of appeals or a justice of a
court of appeals the authority to issue writs of mandamus and all other writs necessary to
enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). Additionally, a
court of appeals may issue a writ of mandamus against a judge of a district or county court
that is within the court of appeals' district, as well as against a district court judge in the
court of appeals' district who is acting as a magistrate at a court of inquiry under Chapter
52 of the Texas Code of Criminal Procedure. Tex. Gov't Code Ann. § 22.221(b) (Vernon
2004). 

 However, Section 22.221 does not grant us jurisdiction to issue a writ of mandamus
against a district clerk unless such writ is necessary to enforce our jurisdiction in a pending
appeal. (1) See In re Washington, 7 S.W.3d 181, 182 (Tex. App.--Houston [1st Dist.] 1999,
orig. proceeding); In re Coronado, 980 S.W.2d 691, 692 (Tex. App.--San Antonio 1998,
orig. proceeding). (2)

IV. CONCLUSION

 For the above-stated reasons, we conclude that Patton has failed to show that he
is entitled to mandamus relief. We deny Patton's petition for writ of mandamus.



 Donald R. Ross

 Justice


Date Submitted: December 11, 2006

Date Decided: December 12, 2006
1. A district court has original mandamus jurisdiction over other county officials. See
Sheppard v. Thomas, 101 S.W.3d 577, 580 (Tex. App.--Houston [1st Dist.] 2003, pet.
denied). That said, Patton could have sought mandamus relief from the trial court on the
matters relating to the district clerk. The trial court's ruling then may have been appealed
to this Court, as in other cases. See Anderson v. City of Seven Points, 806 S.W.2d 791,
792 n.1 (Tex. 1991); Hart v. Gossum, 995 S.W.2d 958, 960 (Tex. App.--Fort Worth 1999,
no pet.). Patton has not shown that he requested and was denied mandamus relief from
the trial court on such matters.
2. Patton appears to be seeking direct relief from this Court with regard to most of his
complaints concerning the district clerk. At one point in his voluminous petition, however,
he does ask this Court to order the district judge to order the district clerk to provide certain
documents. However, as noted above, we have no record that such documents exist or
that Patton requested such documents or that the district clerk wrongfully refused to
provide them.