COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-193-CV
 
  
CHIEF 
TERI SIMMONS, CHIEF OF POLICE                                 APPELLANT
OF 
THE TOWN OF DOUBLE OAK, TEXAS
 
 
V.
 
 
STEPHEN 
KUZMICH                                                                  APPELLEE
 
 
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION *
 
------------
        Appellant 
Teri Simmons, the Chief of Police for the Town of Double Oak, Texas, appeals the 
trial court’s grant of a writ of mandamus in favor of appellee Stephen Kuzmich 
that compels Chief Simmons to produce specified records and information to 
Kuzmich pursuant to the Texas Public Information Act (TPIA), formerly known as 
the Open Records Act. See Tex. 
Gov’t Code Ann. §§ 552.001-.353 (Vernon 2004). We modify the trial 
court’s judgment to delete the award of attorneys’ fees and affirm the 
judgment as modified.
Background
        Kuzmich 
requested that Chief Simmons produce to him certain information that was 
collected by the Double Oak Police Department and the Texas Alcoholic Beverage 
Commission (TABC) during an investigation of a head-on collision that occurred 
in Double Oak in April 2003. The drivers of both vehicles were killed, and two 
passengers were injured. Kuzmich, an attorney, represents the family of one of 
the drivers in the civil litigation relating to the accident.
        Kuzmich 
made his public disclosure request for the documents relating to the accident to 
Chief Simmons on May 20, 2003 in accordance with the TPIA. See id. §§ 
552.021, 552.221. When Chief Simmons received the request, she forwarded it to 
the Town’s attorney, who in turn requested an opinion from the Texas Attorney 
General’s office on whether the Town was required to release the requested 
information. The Town’s request to the attorney general was timely under the 
TPIA, but its written notification of the request to Kuzmich was not. Although 
Chief Simmons called Kuzmich and told him Double Oak was seeking an attorney 
general opinion, the Town failed to send Kuzmich a copy of its written request 
within ten days as required by the TPIA. See id. § 552.221(d).
        Because 
Kuzmich had not heard from Double Oak in writing, he sent a follow-up request 
for production to Chief Simmons on June 5, 2003. On June 13, in response, Double 
Oak sent Kuzmich a copy of its request for an attorney general opinion. 
Ultimately, in its opinion, the attorney general determined that Double Oak 
could withhold the requested information because it was exempt from disclosure 
under section 552.108 (a)(1) and (b)(1) of the TPIA that allows a governmental 
body to withhold information or internal records held or maintained by a law 
enforcement agency if release of the information would interfere with the 
detection, investigation, or prosecution of crime. See id. § 
552.108(a)(1), (b)(1); Tex. Att’y Gen. ORD-4326 (2003). In light of the 
attorney general’s opinion, Chief Simmons refused to release the requested 
information regarding the investigation, claiming that the records were exempt 
from disclosure under the TPIA because they were law enforcement documents 
relating to an ongoing criminal investigation by Double Oak and the TABC.
        On 
June 16, 2003, Kuzmich filed a petition for writ of mandamus in the trial court 
to compel production of the requested documents under the TPIA. The trial court 
held an evidentiary hearing and ruled that the release of the requested 
materials and documents would not interfere with the detection, investigation, 
or prosecution of crime and granted Kuzmich’s writ of mandamus petition. Chief 
Simmons appealed.
Issues Presented
        In 
four issues, Chief Simmons challenges the trial court’s grant of the writ of 
mandamus, claiming primarily that the trial court abused its discretion in 
granting the writ of mandamus because the requested records are law enforcement 
records that are exempt from disclosure under the TPIA. Additionally, she claims 
that mandamus relief is unavailable for failure to give notice under the TPIA 
and that the trial court erred in granting Kuzmich attorneys’ fees.
Standard of Review
        Importantly, 
we must recognize the procedural posture of this case; this is an appeal 
in a mandamus action initiated in the trial court. See Anderson v. City of 
Seven Points, 806 S.W.2d 791, 792 (Tex. 1991). An action for a writ of 
mandamus initiated in the trial court is a civil action subject to appeal as any 
other civil suit. Id. at 792 n.1; Harris v. Jones, 8 S.W.3d 383, 
385 (Tex. App.—El Paso 1999, no pet.); Dallas Area Rapid Transit v. Dallas 
Morning News, 4 S.W.3d 469, 473 (Tex. App.—Dallas 1999, no pet.); Univ. 
of Tex. Law Sch. v. Tex. Legal Found., 958 S.W.2d 479, 481 (Tex. 
App.—Austin 1997, no pet.). We therefore review the trial court's findings of 
fact and conclusions of law in accordance with the standards generally 
applicable to a trial court's findings and conclusions. Anderson, 806 
S.W.2d at 794 n.2; Dallas Area Rapid Transit, 4 S.W.3d at 473; Tex. 
Legal Found., 958 S.W.2d at 481. That is, we review findings of fact for 
legal and factual evidentiary support, and we review conclusions of law de novo. 
Dallas Area Rapid Transit, 4 S.W.3d at 473; Tex. Legal Found., 958 
S.W.2d at 481. We do not apply the abuse of discretion standard applicable to 
mandamus actions that originate in our appellate courts. Harris, 8 S.W.3d 
at 385.
        Interpreting 
statutes is a legal matter, subject to de novo review. Bragg v. Edwards 
Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002); City of Garland v. Dallas 
Morning News, 22 S.W.3d 351, 357 (Tex. 2000). The overriding goal of 
statutory interpretation is to determine the legislature's intent. Cont'l Cas. 
Co. v. Downs, 81 S.W.3d 803, 805 (Tex. 2002). To ascertain legislative 
intent, we first look to the plain and common meaning of the words used by the 
legislature. Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 529 (Tex. 2002); Harris 
County Bail Bond Bd. v. Pruett, No. 01-02-01043-CV, 2005 WL 568060, at *3 
(Tex. App.—Houston [1st Dist.] Mar. 10, 2005, pet. filed) (op. on reh’g); see 
also Tex. Gov’t Code Ann. § 
311.011 (Vernon 2005). Determining whether an exception to disclosure applies 
under the TPIA is a question of law. City of Fort Worth v. Cornyn, 86 
S.W.3d 320, 323 (Tex. App.—Austin 2002, no pet.).
The TPIA
        The 
TPIA requires public disclosure of government documents and information upon 
request. Tex. Gov’t Code Ann. 
§§ 552.021, 552.221. Public information includes information that is 
“collected, assembled, or maintained under a law or ordinance or in connection 
with the transaction of official business: (1) by a governmental body; or (2) 
for a governmental body and the governmental body owns the information or has a 
right of access to it.” Id. § 552.002(a). There are, however, 
exceptions to disclosure. See id. §§ 552.101-.142.
        The 
law enforcement and investigation exception relied upon by Chief Simmons allows 
a law enforcement agency to deny disclosure if release of the information would 
interfere with the detection, investigation, or prosecution of crime. Id. 
§ 552.108(a)(1), (b)(1). However, to assert an exception under the TPIA, the 
governmental agency must timely request an attorney general’s opinion 
concerning the applicability of such an exception to disclosure. Id. § 
552.301(a). The agency must also notify the requestor of its decision to seek 
the opinion and provide the requestor with a copy of the written communication 
to the attorney general, all within ten business days of receiving the request. Id. 
§ 552.301(b), (d). Without such a request, notice, and resulting opinion, 
the information requested is presumed to be subject to disclosure and must be 
released. Id. § 552.302.
        Because 
Chief Simmons failed to timely provide Kuzmich with notice of the Town’s 
request for an attorney general opinion, the information Kuzmich requested is 
presumed to be subject to disclosure unless Chief Simmons shows some compelling 
reason to withhold the information. See id. Further, the TPIA directs us 
to liberally construe its provisions in favor of disclosure and to narrowly 
interpret its exceptions to disclosure. Id. § 552.001(b); Envoy Med. 
Sys., L.L.C. v. State, 108 S.W.3d 333, 336 (Tex. App.—Austin 2003, no 
pet.); City of San Antonio v. San Antonio Express-News, 47 S.W.3d 556, 
561-62 (Tex. App.—San Antonio 2000, pet. denied). “Unlike the FOIA [Federal 
Freedom of Information Act], our Act contains a strong statement of public 
policy favoring public access to governmental information and a statutory 
mandate to construe the Act to implement that policy and to construe it in favor 
of granting a request for information.” City of Garland, 22 S.W.3d at 
364.
        The 
TPIA provides a statutory remedy of mandamus to a requestor when the 
governmental body “refuses to request an attorney general’s decision as 
provided by Subchapter G or refuses to supply public information or information 
that the attorney general has determined is public information that is not 
excepted from disclosure under Subchapter C.” Tex. Gov’t Code Ann. § 552.321(a) 
(footnotes omitted).
Discussion
Availability of Mandamus Relief Under the TPIA
        In 
her third issue, Chief Simmons contends that the trial court erred in granting 
mandamus relief to Kuzmich because that relief is not available against a 
governing body whose sole failure is to not timely provide the statutory notice 
to a requestor that it is seeking an opinion from the attorney general on its 
claim to an exception from disclosure under the TPIA. She contends that mandamus 
relief is only available to a requestor of information if the governmental 
entity wanting to refuse the request fails to timely seek an attorney general 
opinion, not if it fails to let the requestor know that it is seeking an 
attorney general opinion. We address this issue as a preliminary matter because 
it is potentially dispositive of her appeal.
        As 
stated above, section 552.321(a) of the statute specifically states that a 
requestor may file suit for “a writ of mandamus compelling a governmental body 
to make information available for public inspection if the governmental body 
refuses to request an attorney general’s decision as provided by Subchapter 
G.” Id. (emphasis added). Basically, Chief Simmons contends that 
since she timely requested an attorney general opinion, mandamus relief is not 
available to Kuzmich. The statute, however, says the governing body must request 
the “attorney general’s decision as provided by Subchapter G.” Id. 
(emphasis added). Subchapter G of the code, entitled “Attorney General 
Decisions,” includes sections 552.301 through 552.308. Id. §§ 
552.301-.308. Section 552.301(d), the provision at issue here, was enacted in 
1999[1] and requires the governmental body to timely 
provide notice to the requestor within the ten day period that it is seeking an 
attorney general opinion regarding withholding the information, not just that it 
timely seek the attorney general opinion. Id. § 552.301(d).
        In 
Dominguez v. Gilbert, the Austin Court of Appeals observed that the 
pre-1999 statute required a governmental agency to timely request an attorney 
general opinion to take advantage of the statutory exception to disclosure but 
that notice of the request to the requestor was not required. 48 S.W.3d 789, 792 
(Tex. App.—Austin 2001, no pet.). Further, the court noted that the pre-1999 
statute allowed both the requestor and the agency to seek declaratory relief on 
claims of exceptions from disclosure as well as mandamus relief. Id. at 
796.
        In 
Thomas v. Cornyn, the Austin Court of Appeals was faced with the issue of 
whether statutory mandamus relief is an available remedy to a requestor when the 
governing body has not complied with the TPIA. 71 S.W.3d 473, 481-82 (Tex. 
App.—Austin 2002, no pet.). There, the court specifically held that all the 
requestor had to show was noncompliance with the TPIA to be entitled to the 
statutory mandamus relief called for by the TPIA. Id. at 484. This 
holding conformed to its prior holding in Texas Department of Public Safety 
v. Gilbreath where it observed that the predecessor statutory provision 
created a “statutory writ of mandamus under which a requesting party 
need only show that the governmental body has not complied with the Act in order 
to obtain mandamus [relief].” 842 S.W.2d 408, 413 (Tex. App.—Austin 1992, no 
writ).
        The 
discussions in these cases were based on the law as it existed before the 
enactment of section 552.301(d). Because the statute now contains a 
timely-notice-to-the-requestor requirement in Subchapter G, it is reasonable for 
us to conclude that failure to timely give the notice to the requestor likewise 
now authorizes mandamus relief. See Tex. Gov’t Code Ann. §§ 552.301(d), 
552.321(a). We believe the statute is clear, and we hold that a trial court has 
the authority to grant mandamus relief when an agency refuses to timely request 
an attorney general opinion, when the agency refuses to supply public 
information in accordance with the TPIA, and also when the agency fails to 
timely notify the requestor of its decision to seek an attorney general opinion. 
See id.; Thomas, 71 S.W.3d at 481-82. Once the requesting party shows 
that the governmental body has not complied with the TPIA, the statutory 
mandamus relief provided for by the statute is available to the requestor. Thomas, 
711 S.W.3d at 484.
        In 
accordance with the Thomas opinion and the Gilbreath opinion, we 
further hold that the requestor does not need to also meet additional elements 
required in common law mandamus actions but needs to show only that the TPIA has 
not been complied with and that the requested disclosure has not been made. Id.; 
Gilbreath, 842 S.W.2d at 413-14. Both parties have agreed that the 
disclosure has not been made and that Chief Simmons failed to timely give 
Kuzmich the written notice required under the TPIA. Thus, Kuzmich was entitled 
to seek the relief by mandamus. We overrule Chief Simmons’s third issue and 
now turn to the merits of her claim to an exception from disclosure to review 
whether the mandamus relief was appropriately granted by the trial court.
The Law Enforcement Exception to Disclosure
        In 
Chief Simmons’s second issue, she contends that the trial court abused its 
discretion by granting the disclosure because the records requested are excepted 
from disclosure.[2]  Specifically, she contends 
that the records are excepted because they are information and internal records 
held by a law enforcement agency and their release would interfere with the 
detection, investigation, or prosecution of crime. See Tex. Gov’t Code Ann. § 552.108 
(a)(1), (b)(1). She contends that this alone is a “compelling reason” 
sufficient to prevent disclosure.
        The 
TPIA mandates that we liberally construe the Act in favor of granting a request 
and that exceptions to disclosure be construed narrowly. Envoy Med. Sys, 108 
S.W.3d at 336. Necessarily, the party seeking to withhold the information has 
the burden of proof in the trial court to prove the exception from disclosure 
and presumably must comply with the steps mandated by the statute to seek and 
preserve such an exception from disclosure. See id.
        In 
Dallas Area Rapid Transit (DART), the Dallas Court of Appeals concluded 
that DART’s failure to timely request an attorney general opinion regarding a 
similar exception to disclosure–the litigation exception–was tantamount to a 
waiver of the government’s right to assert the exception to disclosure. 4 
S.W.3d at 474. Although the DART case relates to the failure to timely 
seek the attorney general opinion as opposed to timely notifying the requestor 
that the agency is seeking an attorney general opinion, as in this case, we 
believe the same result is appropriate in this case. Additionally, since the DART 
opinion was handed down, the very provision in controversy here was added to the 
TPIA: that the failure to timely provide the requestor with the appropriate 
notification results in a presumption in favor of public disclosure and that the 
information “must be released unless there is a compelling reason to 
withhold the information.” Tex. 
Gov’t Code Ann. § 552.302 (emphasis added). Thus, we conclude and hold 
that failure to timely notify the requestor of the agency’s request for an 
attorney general opinion regarding application of an exception results in a 
presumption that the information is subject to disclosure to the public. See 
id. Consequently, Kuzmich was entitled to mandamus relief unless Chief 
Simmons could overcome the presumption by showing a compelling reason sufficient 
to prevent disclosure.[3]
        Chief 
Simmons further contends that even if the trial court appropriately applied this 
presumption, it erroneously required a “compelling reason to withhold the 
information.” In support of her argument she points to a Fort Worth Court of 
Appeals opinion that had previously rejected requiring “compelling” reasons 
to overcome the disclosure presumption. See Hart v. Gossum, 995 S.W.2d 
958, 962 (Tex. App.—Fort Worth 1999, no pet.). However, that opinion was 
handed down before September 1, 1999, the effective date of the most recent 
amendment that added the language requiring an agency to come forward with a 
“compelling reason” to withhold the information to overcome the presumption 
in favor of disclosure when the governmental body fails to timely request the 
attorney general opinion OR when the governmental body fails to timely notify 
the requestor of its attorney general request and provide the required 
information.[4]  That section states,
   
If a governmental body does not request an attorney general decision as provided 
by Section 552.301 and provide the requestor with the information required by 
Section 552.301(d), the information requested in writing is presumed to be 
subject to required public disclosure and must be released unless there is a 
compelling reason to withhold the information.
 
  
Tex. Gov’t Code Ann. § 552.302 
(emphasis added). The amendment to section 552.302 directly resolves the split 
in authority among the intermediate appellate courts that we addressed in the Gossum 
opinion. Thus, our prior Gossum opinion is not controlling precedent 
because the portion of the statute at issue here—the presumption of public 
disclosure for failure to notify the requestor of the attorney general request 
wording requiring a “compelling reason” to overcome that presumption—was 
added after our Gossum opinion. Therefore, we conclude and hold that in 
order to overcome the presumption of public disclosure that applies when a 
governmental agency fails to either timely request the attorney general opinion 
or timely notify the requestor that is doing so, the agency is required to prove 
that it has a compelling reason to withhold the information. See id.
        Finally, 
despite Chief Simmons’s arguments to the contrary, by her own admission she 
failed to come forward with evidence of a “compelling reason” to withhold 
the information to overcome the presumption in favor of disclosure. Chief 
Simmons’s sole basis to support her claim that the information should not be 
disclosed was that the required information would jeopardize an ongoing criminal 
investigation for criminally negligent homicide. However, the current version of 
the statute requires the governmental body to also articulate a “compelling 
reason to withhold the information.” Id. It is not enough to merely 
show that there is an ongoing criminal investigation; the governmental body must 
also show that its claimed exception to disclosure falls within one of the 
statutory exceptions to disclosure and how that exception creates a 
compelling reason to withhold the information.
        In 
her brief Chief Simmons states, “It was incumbent on Appellant only to show 
that the law enforcement records related to an investigation that did not result 
in conviction or deferred adjudication.” Because Chief Simmons concedes that 
this is all she showed, we conclude that the trial court correctly determined 
that she failed to meet her burden to show a compelling reason to withhold the 
information sufficient to overcome the presumption in favor of disclosure. Thus, 
the trial court correctly concluded that disclosure was appropriate and properly 
granted Kuzmich mandamus relief. Chief Simmons’s second issue is overruled.
Attorneys’ Fees
        In 
Chief Simmons’s fourth issue she complains the trial court erroneously awarded 
Kuzmich his attorneys’ fees. Primarily she contends that the award of 
attorneys’ fees is incorrect because she should have prevailed on the merits 
of the mandamus action. Regardless, she also contends that the trial court 
abused its discretion in awarding the fees because she correctly argued that the 
information fell within the law enforcement exception to disclosure as evidenced 
by the subsequent attorney general opinion she obtained in her favor. Further, 
she argues that since Kuzmich was represented by his own firm, he was not 
entitled to an award of attorneys’ fees. In other words, Chief Simmons 
contends Kuzmich simply did not incur attorneys’ fees. With this latter 
contention, we must agree.
        Kuzmich’s 
testimony provides a complete admission that neither his associate nor his firm 
were contemplating payment of attorneys’ fees in connection with representing 
him in this matter. On cross-examination, Kuzmich admits that neither he nor 
anyone from his office is billing for time spent representing him or incurring 
fees and that he has only “lost some time in the office.” Based upon this 
testimony, we must agree there was no evidence to support the award of 
attorneys’ fees. We sustain Chief Simmons’s fourth issue.
Insufficient Notice of Hearing and
Failure to Grant Chief Simmons’s Continuance
 
        In 
Chief Simmons’s first issue, she complains that the trial court erred in 
setting the writ of mandamus for trial on the merits on only three days’ 
notice to her. She contends that the show cause order served on her did not give 
her sufficient notice of the hearing and that she should have been granted a 
continuance. While she concedes that she failed to comply with both rule 251 and 
rule 252 of the rules of civil procedure regarding continuances, she argues that 
she was denied due process of law, justifying her lack of compliance. See 
Tex. R. Civ. P. 251, 252. She also 
contends she was entitled to forty-five days’ notice under rule 245 of the 
rules of procedure. See Tex. R. 
Civ. P. 245.
        The 
record shows that the petition for writ of mandamus was filed on June 13, 2003; 
that the hearing was originally scheduled for June 24, 2003 and then reset to 
June 26; that Chief Simmons filed no motion requesting a second continuance of 
the June 26 hearing; and that she appeared at the June 26 hearing, announced 
“ready,” and raised no objection to a lack of sufficient notice of the 
rescheduled hearing.
        In 
order to preserve a complaint on appeal, one must preserve the error by bringing 
it to the trial court’s attention or it is waived. Tex. R. App. P. 33.1(a); Bushell v. 
Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). As noted by Kuzmich, 
if a party fails to object to a lack of notice of a hearing and participates in 
such hearing, the issue is waived. See In re Marriage of Parker, 20 
S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.); S.W. Country Enters. 
v. Lucky Lady Oil Co., 991 S.W.2d 490, 493 (Tex. App.—Fort Worth 1999, 
pet. denied). Here, the initially scheduled hearing was continued until two days 
later, but Chief Simmons never objected to the rescheduled date and also 
participated in the hearing without objection. Thus, she has waived this 
complaint on appeal. Chief Simmons’s first issue is overruled.
Conclusion
        Having 
determined that the evidence is insufficient to support the attorneys’ fees 
award, we modify the judgment to delete the award of attorneys’ fees to 
Kuzmich. Because we have overruled Chief Simmons’s other three issues, we 
affirm the judgment in Kuzmich’s favor as modified.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
CAYCE, 
C.J. filed a dissenting opinion
 
DELIVERED: 
May 19, 2005



 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-193-CV
 
 
CHIEF TERI 
SIMMONS, CHIEF OF POLICE                                 APPELLANT
OF 
THE TOWN OF DOUBLE OAK, TEXAS
  
V.
  
STEPHEN 
KUZMICH                                                                  APPELLEE
 
 
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
DISSENTING OPINION
 
------------
 
        I 
respectfully dissent. Double Oak Chief of Police Teri Simmons met her burden of 
proving a compelling reason to withhold the requested information under section 
552.302 of the Texas Government Code by producing evidence that the release of 
the privileged information would interfere with the detection, investigation, or 
prosecution of crime.[1]  The majority’s 
holding that the information is subject to public disclosure merely due to 
Simmons’s “blunder” in missing the ten-day notice requirements of section 
552.301 exalts form over substance, and may interfere with and hamper an ongoing 
criminal investigation.[2]
        At 
the trial court hearing on Stephen Kuzmich’s petition for writ of mandamus, 
two law enforcement officers, Simmons and Agent Beth Gray of the Texas Alcoholic 
Beverage Commission, testified that a criminal investigation was ongoing and 
that the release of the requested information would interfere with this 
investigation. This testimony was corroborated by Double Oak’s attorney, David 
M. Berman, in a letter requesting an attorney general opinion where Berman 
stated that public disclosure of the requested information could allow the 
target of the investigation to evade prosecution by destroying or secreting 
inculpatory evidence. In addition, the trial court had before it the written 
opinion of the Attorney General of Texas holding that the requested information 
is privileged and exempt from disclosure under section 552.108(a)(1)[3] of the Texas Public Information Act.[4]
        I 
believe this uncontroverted evidence is sufficient to establish a compelling 
reason for withholding the requested information and to rebut the presumption 
that the information is subject to public disclosure. I would, therefore, hold 
that the trial court abused its discretion by ruling that the information must 
be disclosed and by awarding Kuzmich his attorneys’ fees under section 
552.323(a).[5]
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
  
 
DELIVERED: 
May 19, 2005


 
NOTES
* Majority by Justice Livingston; Dissent by Chief Justice Cayce
 
        MAJORITY OPINION NOTES
1. 
See Act of May 25, 1999, 76th Leg., R.S., ch. 1319, §§ 20, 37, 1999 
Tex. Gen. Laws 4500, 4509, 4514.
2. 
Although Chief Simmons refers us to the abuse of discretion standard, we apply 
the standards previously discussed in evaluating the trial court’s grant of 
mandamus relief.
3. 
We do not say that failure to properly give notice automatically results in 
disclosure as the dissent suggests; it results in a presumption in the 
requestor’s favor that disclosure is appropriate, but the withholding party 
retains the right to challenge that presumption. See id.
4. 
See Act of May 25, 1999, 76th Leg., R.S., ch. 1319, §§ 22, 37, 1999 Tex. Gen. 
Laws 4500, 4509, 4514 (current version at Tex. 
Gov’t Code Ann. § 552.302 (Vernon 2004)).
 
        DISSENTING OPINION NOTES
1. 
See Tex. Gov’t Code Ann. 
§ 552.302 (Vernon 2004).
2. 
See id. § 552.301(b), (d); Hobson v. Moore, 734 S.W.2d 340, 341 
(Tex. 1987) (Gonzalez, J., concurring & dissenting) (orig. proceeding) (when 
weighing competing interests between releasing privileged information on the 
basis of a procedural technicality versus noninterference with an ongoing 
criminal investigation, “the better rule is that we give priority to 
protecting ongoing criminal investigations”).
3. 
Tex. Gov’t Code Ann. § 
552.108(a)(1).
4. 
See City of Houston v. Houston Chronicle Publ’g Co., 673 S.W.2d 
316, 322 (Tex. App.—Houston [1st Dist.] 1984, no writ) (“While the opinions 
of the Attorney General construing the Open Records Act are not binding upon the 
courts, they should be given great weight.”).
5. 
See Tex. Gov’t Code Ann. 
§ 552.323(a).